1DUFRESNE, Judge.
Plaintiff has appealed the trial court’s granting defendant’s motion for involuntary dismissal of his personal injury lawsuit.
Carlos C. Douglas, Sr., filed suit against the State of Louisiana, through the Department of Culture, Recreation and Tourism, Office of State Parks for bodily injuries sustained after he allegedly slipped and fell at the Bayou Segnette State Park boat dock.
Plaintiff alleges that he slipped and fell on wet algae growing on the boards of the boat dock. He alleges that the wooden boat dock was made unreasonably dangerous by the presence of a film of “algae and slime”. Plaintiff argues that the boat dock was built “so low that they are submerged and remain wetted by passing boat wakes”; that the *1099 dock was submerged four (4) times in 1991, prior to the accident and was submerged several times because of heavy rains. Ac-cordingj^to plaintiff, there were no signs warning users of the boat dock’s “unreasonably hazardous condition” nor were any nonskid stripping placed on the dock.
After the close of plaintiffs case on liability, the trial court granted the State’s motion for involuntary dismissal. The trial court found that the dock did not pose an “unreasonable risk of harm.” Further, that any danger presented by the dock should have been obvious to the plaintiff as he testified that he had fished at that location on numerous occasions. The court continued, that it should be apparent to individuals [such as plaintiff] using marine facilities that the surface will be slippery to some degree and that caution should be exercised. The judge did not believe that the State had breached its duty of reasonable and ordinary care under the circumstances.
The trial court found as a matter of fact, the conduct of the State was not the cause of plaintiffs alleged injury. Whether the State owed a duty to protect invitees, such as this plaintiff, from unreasonable risk of harm is a question of law for the court, Kent v. Gulf States Utilities Co., 398 So.2d 560 (La.App. 1st Cir.1980). Factual findings of the trial court should not be reversed absent manifest error. Fourcade v. City of Gretna, 598 So.2d 415 (La.App. 5th Cir.1992).
In determining whether a duty is owed under a duty-risk analysis, the court should consider the conduct of the individual and peculiar circumstances of the case.
| oThere is no dispute that the State owes a duty to an invitee to discover, correct and protect an individual from unreasonable risk of harm. The court concluded, because there was a lack of sufficient evidence that the dock presented an unreasonable risk of harm, the plaintiff had failed in his burden of proof. Furthermore, the court concluded that the State had not breached its duty to the plaintiff.
There was no evidence that “algae” or any other organism was on the dock surface at the time of the accident.
The required balance of the intended benefit of the thing with the potential for harm and cost of prevention must be reviewed before concluding fault. Socorro v. City of New Orleans, 579 So.2d 931 (La.1991). Here there is no evidence that the water on this dock created an unreasonable risk of harm. We agree with the reasons of the trial court and find insufficient evidence that the State breached any duty.
Furthermore, the record does not support a finding that the State created an unreasonable risk of harm.
Accordingly, the judgment of the trial court is affirmed and the plaintiffs case is dismissed at his cost.

AFFIRMED.