JjKLIEBERT, Chief Judge.
This is a tort action instituted by Gary Catalano, plaintiff, against Kevin Roberts, Firestone Building Products, Inc. and Insurance Company of North America (INA), defendants, to recover damages for injuries allegedly resulting from two separate incidents involving Kevin Roberts. Following the presentation of plaintiff’s case, all defendants moved for involuntary dismissal which the trial court granted. Plaintiff appeals. For the reasons that follow, we affirm.
At the time of the incidents sued on, plaintiff was part owner and an employee of Roofing Depot, a local business engaged in wholesaling materials to roofing contractors. Defendant Roberts was an employee of Firestone Building Products, Inc., a roofing supplier with whom Roofing Depot was attempting to secure an exclusive distributorship agreement to sell Firestone’s product in Louisiana. On July 25,1990, Roberts was following Catalano when Roberts’ vehicle struck Catalano’s vehicle in the rear. Catalano did not seek medical treatment following this accident but did testify he experienced soreness.
On August 24,1990, Catalano and his partner, Robert Oster, attended a business/dinner meeting with Roberts and another Firestone representative. Toward the end of an evening of eating hand drinking, Catalano and Roberts got into an altercation which allegedly resulted in injuries to Catalano.
Catalano contends these two incidents injured his back and neck to such a degree that he continues in pain and is unable to find employment due to his fragile back. Defendants contend that if Catalano is injured, the injury is a result of other accidents, physical labor or the numerous other altercations he has been involved in.
When plaintiff rested his case, all defendants moved for involuntary dismissal pursu *332 ant to LSA-C.C.P. art. 1672 B, which provides in part as follows:
Art. 1672 Involuntary dismissal
⅜ ¾: ⅜ ⅜ * ⅝
B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
The trial court granted the motions and issued written reasons for judgment, stating pertinently:
It is the Court’s impression that Mr. Catalano’s explanation of what happened regarding the alleged altercation was totally untrustworthy and not supported by the facts. It is the Court’s opinion that Mr. Catalano was the aggressor regarding the altercation.
Considering the evidence as a whole, the Court believes the facts and inferences strongly and overwhelmingly favored the defendants concerning the altercation.
With respect to the rear-end collision the Court feels that though the plaintiff established liability there was no proof of damages in connection therewith.
In considering a motion for involuntary dismissal, the trial court must evaluate all evidence and render its decision based upon a preponderance of the evidence without any special inference in favor of the opponent to the motion. Poland v. Glenn, 623 So.2d 227 (2nd Cir.1983) writ denied. The standard of review of factual [..¡findings of the trial court in ruling on a motion for involuntary dismissal is whether or not the trial court committed manifest error. Fourcade v. City of Gretna, et al., 598 So.2d 415 (5th Cir.1992); Douglas v. State through Dept. of Culture, Recreation and Tourism, Office of State Parks, 93-1049 (5th Cir. Ap. 26, 1994) 636 So.2d 1098. “When findings are based on determinations regarding credibility of witnesses, the manifest error — clearly wrong standard demands great deference to the trier of fact’s findings, for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said.” Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
We have carefully reviewed the entirety of the evidence submitted to the trial court and cannot say her decision was manifest error or clearly wrong. Plaintiff testified he was injured as a result of both incidents. He testified at trial to soreness after the car accident but did not seek medical attention. In a prior deposition, he testified he had numbness in his extremities following the accident. A co-worker and friend, Milton Peterson, Jr., testified he did not notice any difference in plaintiff after the automobile accident.
Plaintiffs version of the fight differs also from his witnesses. Plaintiff testified, he, Roberts, Oster and Steve Hand[1] had been out on a business/soeial evening. A limousine was hired as the men expected to drink. Toward the end of the night, plaintiff testified Roberts pushed him in the head a couple of times. In an earlier deposition, plaintiff stated Roberts hit him while in the limousine. Mr. Oster testified he did not see the above altercation but because all four men were in the rear of the limousine, he would have seen if Roberts hit plaintiff. Roberts testified he did not push or hit plaintiff.
In any event, plaintiff told Roberts he would “rip his heart out,” allegedly in a joking manner, and someone, either plaintiff or Roberts, yelled for the limousine driver to pull over to the |4side of the road. Plaintiff and Roberts exited the vehicle and plaintiff testified Roberts punched him, picked him up in the air and body slammed him, then sat on top of him, punching plaintiff numerous times. No one else saw the body slam but Mr. Oster testified it took the three men to *333 physically pull Roberts off of plaintiff. However, Mr. Peterson testified he could only recall Roberts throwing one punch and that he ran approximately ten steps from the limousine to where Roberts was on top of plaintiff and he alone pulled Roberts off of plaintiff. Roberts did not put up a struggle. It is also interesting to note only plaintiff testified the police came to the scene.
The trial court found Roberts was the aggressor in the fight. We cannot say this finding is in error.
As to medical causation, the medical testimony attempted to establish that plaintiff’s injuries were caused by these incidents. However, medical causation was based on the history given by plaintiff to the physicians and chiropractor. Plaintiff only related these two incidents to his doctors. On cross-examination, it was established plaintiff had numerous other fights and accidents that, if plaintiff had related to his doctors, could have changed their opinion of the cause of plaintiff’s injuries. Of particular interest is plaintiffs failure to inform Dr. Razza (or any other physician) of numerous events that could have caused his injuries, including another automobile accident two days before a discogram.
Accordingly, we see no error in the grant of defendants’ motions for involuntary dismissal. The trial court judgment is affirmed. Plaintiff to bear all costs of this appeal.

AFFIRMED

. A Firestone employee.