811 So.2d 1062 (2002)
Dalia DELAPAZ and Jose Echagaragga
v.
Nihad MONEM and Fatima Monem.
No. 01-CA-1234.
Court of Appeal of Louisiana, Fifth Circuit.
February 26, 2002.
*1063 George G. Angelus, New Orleans, LA, for plaintiffs-appellants.
Joseph B. Landry, New Orleans, LA, for defendants-appellee.
Court composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
At issue in this case is whether the trial court erred in finding plaintiffs did not present sufficient evidence to establish by a preponderance of the evidence that there was a valid contract to sell immovable property such that defendants' failure to complete the sale was a breach of the alleged contract.

FACTS AND PROCEDURAL HISTORY
In 1998, plaintiffs/sellers (Dalia Delapaz and Jose Echagarugga) decided to sell their home located at 761 Goodson Drive in Gretna, Louisiana apparently without the assistance of a realty company. In October, plaintiffs and defendants/buyers (Nihad and Fatima Monem) agreed upon a purchase price of $84,000.00. Defendants left the country and asked Karim Taha (buyer's brother-in-law and business partner) to handle pre-act of sale matters until they returned. Because neither party was represented by a real estate agent, sellers and Mr. Taha sought the assistance of Delta Title Company to prepare a contract of sale. On November 25, 1998, Delta's employee (Kimberly Brown) prepared the document that stated the property was to be sold as is with a waiver of redhibition and that the ten-day inspections were to begin on December 1, 1998. However, the expiration date of the offer (line 64 of the agreement) was noted as "11/1998." Despite that omission, sellers signed the purchase agreement. The documents were faxed to buyers who signed them on December 2, 1998, and returned them without making any changes. In accordance with the purchase agreement buyers posted a $20,000.00 deposit with $250.00 to be held by the sellers. The parties were scheduled to proceed to act of sale on December 23, 1998.
Pursuant to the terms of the purchase agreement, Mr. Taha had the property *1064 inspected. After reviewing the inspection reports, he requested sellers make certain repairs to the property. Sellers contend they requested copies of the reports but never received any. Rather, Mr. Taha provided them with a hand-written list of items to be repaired. Sellers assert they replaced a kitchen sink and a toilet in response to that request. On December 16, 1998 buyers returned to the United States and asked to see the property again. On December 22, 1998, one day before the scheduled act of sale, buyers called James Sax (Delta Title's closing notary) and requested a $10,000.00 sales price reduction based on the sellers' failure to make the requested repairs. It seems sellers made a verbal counter offer for a $1,000.00 price reduction on the same day which was not reduced to writing.
On December 23, 1998, sellers appeared at Delta Title prepared to complete the act of sale. However, buyers did not appear at the closing. Delta Title closed its file and placed the $20,000.00 deposit into the registry of the court. Sellers filed a petition to recover the deposit alleging buyers no longer wish to purchase at the agreed upon price and, thus, forfeited their deposit. Buyers answered and reconvened seeking return of their deposit. Buyers aver that the expiration date on the purchase agreement is ambiguous because the offer irrevocable only through "11/98." Accordingly, the offer to sell at the agreed upon price expired December 1, 1998. Therefore, because they did not sign the agreement until December 2, 1998, there was no valid acceptance of the offer and no consent as to price.
At trial, Kimberly Brown of Delta Title testified that at the time Mr. Taha and Ms. Delapaz filled out purchase agreement she did not perceive a dispute over the purchase amount. As to line 64 of the agreement (expiration of the offer), she testified that neither party instructed her to set the expiration date as November, 1998 nor did the parties agree that the offer would expire at that time. Rather, Ms. Brown did not state an exact expiration date because buyers were out of the country. She further testified sellers gave her the property deficiency request form they received form Mr. Taha on December 8, 1998. Thereafter, she explained the property inspection clause of the agreement to plaintiff (Ms. Delapaz) and informed her that she had five days to respond in writing or the agreement to sell would be null and void. Ms. Brown also testified that buyers told her they would not buy the house unless sellers made the repairs. However, at the time, she was not aware buyers requested a price reduction.
Sellers called Andrew Polmer (buyers' home inspection technician) who testified as to his findings upon inspection of the home. Sellers contended at trial that buyers refused their request for a copy of this report which formed the basis for the requested repairs. Rather, buyers gave them a written list of purported deficiencies cited in the report. Sellers argued that some of the repairs were not necessary. Thus, buyers arbitrarily refused to purchase the property and breached the purchase agreement.
After presentation of sellers' case, the trial judge, Judge Melvin Zeno granted buyers' motion for involuntary dismissal in written reasons for judgment, stating:
[p]laintiffs failed to establish that a valid contract existed between the parties to this suit by which relief could be granted to Plaintiff.
Sellers now appeal that judgment contending the trial court's finding is Erroneous.

*1065 DISCUSSION

In their lone assignment of error, sellers argue the trial judge improperly granted buyers' motion for involuntary dismissal predicated on his finding that they failed to demonstrate the existence of a valid contract.
Under La.Code Civ. P. art. 1672, the trial judge may grant a motion for involuntary dismissal when the plaintiff has failed to show a right to relief. Badalamenti v. Jefferson Guar. Bank, 99-1371 (La.App. 5 Cir. 4/25/00), 759 So.2d 274. The applicable standard is whether plaintiff has presented sufficient evidence to establish his case by a preponderance of the evidence. Id. citing Yoes v. Shell Oil Co., 95-12 (La.App. 5 Cir. 5/10/95), 657 So.2d 241, writ denied, 95 2087 (La.11/17/95), 663 So.2d 714. A judgment granting a motion for involuntary dismissal should not be reversed in the absence of manifest error. Id.
First, we point out that the fact that the purchase agreement executed on November 25, 1998, contains an ambiguous expiration date does not automatically invalidate the agreement. The parties' actions indicate that they intended the offer to continue for a reasonable time as evidenced by the fact that sellers consented to buyers' home inspection, and buyers indeed did so.
Next, we turn our inquiry to the evidence sellers presented to the trial court. At the outset, we note that the ability to determine whether a valid and enforceable contract of sale is somewhat hampered in this case by the fact that sellers and buyers negotiated with each other without the assistance of a realtor to insure customary real estate purchasing protocol was adhered to. Rather, they sought Delta Title's assistance only after sellers accepted buyers' offer to purchase their house for $84,000.00. Therefore, we must examine (in light of the record before us) whether sellers established their case by a preponderance of the evidence.
The contract of sale is an agreement by which one gives a thing for a price in money, and the other gives the price in order to have the thing itself. La. Civ.Code art. 2439; Alco Collections, Inc. v. Poirier, 95-2582 (La.App. 1 Cir. 9/27/96), 680 So.2d 735. A sale is perfected between the parties when they agree (consent) as to the thing sold and the price. Id. In a sale, it is essential that the price be fixed and determined between the parties, otherwise no sale exists. La. Civ. Code art. 2464. Further, an agreement to sell is not a sale where the execution of a later final act of sale is contemplated by the parties. Webb v. Young, 338 So.2d 767 (La.App. 4 Cir.1976).
In this case, the parties entered into a modification of the original purchase agreement when buyers presented sellers with a written list of requested repairs and at some point made a verbal request for a $10,000.00 price reduction. However, sellers did not present any evidence that they responded to buyers making repairs or offering a written price reduction. Customarily, agreements to buy and sell real estate must be in writing to be binding and enforceable. Liuzza v. Panzer, 333 So.2d 689 (La.App. 4 Cir. 1976). Thus, the fact that sellers did not accept, deny or modify the agreement in writing after receiving the list of requested repairs, demonstrates to us that buyers offer to renegotiate the sale was not accepted by sellers. Therefore, we are constrained to find sellers *1066 produced sufficient evidence that they intended to go forward with the sale at that point. Additionally, regarding buyers' request for a price reduction we note that neither this request for a $10,000.00 price reduction nor sellers' offer to reduce the purchase price by $1,000.00 were reduced to writing. Rather, negotiations stalled the day before the act of sale with neither party agreeing to a purchase price. Accordingly, we are unable to determine that the trial court committed manifest error in this case. Hence, we affirm the trial court's ruling granting buyers' motion for involuntary dismissal.
AFFIRMED.