811 So.2d 970 (2002)
Dianne GREEN
v.
BENSON AND GOLD CHEVROLET.
No. 01-CA-1161.
Court of Appeal of Louisiana, Fifth Circuit.
February 26, 2002.
*972 Jack H. Tobias, New Orleans, LA, Counsel for Diane Green, Plaintiff-Appellant.
Warren Horn, Drew R. Ballina, Heller, Draper, Hayden, Patrick & Horne, L. L.C., New Orleans, LA, Counsel for Benson and Gold Chevrolet, Defendants-Appellees.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
Plaintiff, Dianne Green, appeals from a judgment of the trial court dismissing her petition for redhibition and recission of sale of a vehicle purchased from defendant, Benson and Gold Chevrolet. For the reasons stated herein, we affirm the trial court's judgment.

Facts and Procedural History
On June 4, 1985, plaintiff purchased a 1982 Chevrolet 2-door Camaro Z-28 from Benson and Gold Chevrolet. On the same date, plaintiff purchased a two-year warranty of the vehicle. Plaintiff immediately began experiencing problems with the vehicle, and it was returned to Benson several times over the next several months for repairs.
On February 15, 1986, the vehicle stopped operating while plaintiff was driving it, and the vehicle was towed to Benson. However, Benson failed to repair the vehicle. As evidenced by a demand letter from plaintiff's counsel dated May 18, 1986, the vehicle was formally tendered to Benson, and plaintiff sought damages for the loss of the vehicle including return of the purchase price.
On June 3, 1986, plaintiff filed the instant petition against Benson alleging violations of Civil Code articles on redhibition, violations of the Louisiana Unfair Trade Practice and Consumer Protection Law, La. R.S. 51:1401, and violations of the Magnusun-Moss Warranty Act, 15 U.S.C. § 2304. Plaintiff further alleged in her petition that she was entitled to damages and recission of sale because of the *973 many defects in the vehicle and defendant's failure to repair same.
On August 7, 1986, Benson filed an answer generally denying the allegations of plaintiff's petition, and after a protracted period of discovery, the matter was set for trial on November 20, 2000. At trial, plaintiff presented her own testimony, as well as the testimony of her brother-in-law and the testimony of an employee of Benson. Following the presentation of plaintiff's case, defendant moved for an involuntary dismissal pursuant to La. C.C.P. art. 1672 on the basis that plaintiff had failed to prove the existence of a redhibitory defect in the vehicle at the time of the sale. The trial court found that plaintiff had failed to carry her burden of proof, and defendant's motion was therefore granted.
Thereafter, plaintiff filed a motion for new trial which was denied by the trial court by judgment signed on April 25, 2001. In addition, defendant filed a Rule to Tax Costs in connection with defense costs incurred by Benson in this litigation. By judgment signed on April 25, 2001, plaintiff was ordered to pay Benson's costs in the amount of $857.30.
Plaintiff now devolutively appeals from these judgments on the basis of several assignments of error.

Evidentiary Ruling
Plaintiff first argues that the trial court erred in failing to admit into evidence a decision of the Federal Trade Commission dated November 16, 1983 which plaintiff argues pertains to the THM-200 transmission installed in the Z-28 vehicle purchased by plaintiff. Plaintiff contends on appeal that the FTC determined that the transmission used in certain General Motors vehicles, including the 1982 Z-28, had a high incidence of failure. Plaintiff contends that Benson was obligated to inform plaintiff of this FTC decision, and was liable for its failure to do so. The trial court determined that the evidence was not relevant because plaintiff had failed to prove the transmission in her vehicle was in fact defective, and plaintiff proferred the evidence
La.C.E. art. 401 provides that relevant evidence is that evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". La.C.E. art. 402 provides that relevant evidence is admissible. The trial court is vested with wide discretion in determining relevancy of evidence and its ruling will not be disturbed on appeal absent a showing of manifest abuse of that discretion. Quibodeaux v. Medical Center of Southwest Louisiana, 97-204 (La.App. 3 Cir. 3/6/98), 707 So.2d 1380, writ denied, 98-0926 (La.5/15/98), 719 So.2d 465.
At trial, plaintiff attempted to introduce a photocopy of the FTC order, and defendant objected to the admissibility on the basis of relevance, hearsay and authentication. Later in the trial, plaintiff attempted for a second time to introduce this order and defendant made the same objection. At this time, the trial court took the matter under advisement for review prior to its ruling on the merits of plaintiff's case and stated as follows:
[I]f there is no proven defect of what moment is the order. What relevancy if there are 50 orders if, in fact, there is no evidence before this Court that your client suffered any loss resulting from a defect in this vehicle in the transmission.
The trial court also stated:
Well, if there's no proven harm, no proven injury, let's assume that you proved that, that there was a notice regarding this transmission, that it was their obligation to tell your client, that they did not tell your client but conversely there's no evidence before the Court to show that she suffered any *974 injuries resulting from that failure, and she's testified.
Although there was no formal ruling as to defendant's second objection to the admissibility of this evidence, the trial court stated at the hearing on plaintiff's motion for new trial that the evidence was considered but would not have changed the decision of the court that plaintiff failed to prove her case. Thus, the trial court concluded that plaintiff had failed to prove that the transmission in the vehicle she purchased from Benson was defective, and the FTC order requiring Benson to inform purchasers of problems with that type of transmission was therefore not relevant. We have reviewed the evidence presented by plaintiff in this case with regard to this issue, including the proferred evidence, and we find no manifest abuse of the trial court's discretion in failing to admit this evidence.
The fact that Benson may have been required to inform plaintiff of a high incidence of failure in the transmission in this type of vehicle prior to plaintiff's purchase of the vehicle does not establish that the transmission in plaintiff's vehicle was defective. Absent additional evidence showing a defect in plaintiff's transmission, we conclude that the trial court did not err in excluding evidence of the FTC order. Further, we find that even had the evidence been accepted, it would not have carried plaintiff's burden of proof, and any error of the trial court in failing to admit the evidence would necessarily been harmless.

Involuntary Dismissal
Plaintiff next argues that the trial court erred in granting defendant's motion for involuntary dismissal.
LSA-C.C.P. art. 1672 states, in pertinent part, as follows:
B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
In Baggett v. Schwegmann Giant Super Markets, 99-421 (La.App. 5 Cir. 11/10/99), 750 So.2d 1027, 1030, this Court stated as follows:
The appropriate standard for the trial judge to use to determine the merits of the motion to dismiss is whether the plaintiff has presented sufficient evidence to establish his case by a preponderance of the evidence
. . . .
The trial court is not required to view the evidence in the light most favorable to the plaintiff. It may weigh and evaluate all the evidence presented up to that point and order a dismissal if the plaintiff has failed to establish his claim by a preponderance of the evidence ... Pursuant to Art. 1672(B) the trial judge must weigh and evaluate all of the evidence presented in determining whether to grant the motion for dismissal. He has much discretion in making that determination.

Id. (Citations omitted.)
The standard of review on appeal of factual findings of the trial court on a motion for involuntary dismissal is whether the trial court committed manifest error. Catalano v. Roberts, 94-635 (La.App. 5 Cir. 1/18/95), 650 So.2d 330. The issue to be resolved is not whether the trier of fact was right or wrong, but whether the factfinder's *975 conclusion was a reasonable one. Stobart v. State Through DOTD, 617 So.2d 880 (La.1993); Labit v. D.H. Holmes Co., Ltd., 98-238 (La.App. 5 Cir. 10/14/98), 721 So.2d 933.
Plaintiff alleged in her petition that the transmission in the Z-28 she purchased from defendant was defective and that she was entitled to redhibition. The law regarding redhibitory defects, found in LSA-C.C. art. 2520, is as follows:
The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.
A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.
A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.
The existence of redhibitory defects is a question of fact which should not be disturbed in the absence of manifest error. Reid v. Leson Chevrolet, Co., Inc., 542 So.2d 673, 675 (La.App. 5 Cir.1989) (citations omitted).
Plaintiff testified at trial as to various problems she experienced with the vehicle she purchased from defendant. She admitted that she had no knowledge as to the cause of these problems. Although evidence in the record indicates the vehicle was repaired several times by Benson within a relatively short period of time, there is nothing in the repair records which indicate that the vehicle or any part thereof was defective. Further, plaintiff failed to present expert testimony or evidence at trial that a defect existed in the vehicle or that the repairs were necessitated by any defect.
In addition to her own testimony, plaintiff presented the testimony of two other witnesses at trial. Danny Giardina, a representative of Benson, testified that he was aware of the repairs made on the vehicle in 1985. He also testified that the transmission on the vehicle failed in 1986, although there was no evidence presented from this witness that the transmission was defective. Further, plaintiff submitted the testimony of Willie McLaughlin, her brother-in-law, who stated that he was aware that the vehicle was repaired several times, but that he did not determine what was wrong with the car because he was not a mechanic. He specifically stated he did not know why the transmission failed.
Our review of the record fails to show that any evidence was presented by plaintiff to support her claim that the transmission on the vehicle she purchased was defective at the time she purchased it from Benson. Although plaintiff proved that she experienced problems with the vehicle which began almost immediately after she purchased it, she failed to prove by a preponderance of the evidence that the repairs were due to a defect in the vehicle. We conclude that plaintiff failed to meet her burden of proof as to whether there was a defect in the vehicle, and we find no manifest error in the trial court's dismissal of plaintiff's claim for redhibition. See, Fidele v. Crescent Ford Truck Sales, Inc., 00-1934 (La.App. 5 Cir. 4/11/01), 786 So.2d 147.
With regard to plaintiffs other causes of action asserted in her petition, we likewise find no error in the trial court's dismissal. Although plaintiff asserts a cause of action for breach of warranty, she failed to prove that a warranty provided by the dealer was in effect at the *976 time she returned the vehicle to Benson in February of 1986. Evidence in the record indicates that the dealer provided a limited warranty to Ms. Green which contained a warranty period of 30 days or 1000 miles, whichever came first. Based on the facts presented herein, this warranty was not in effect in February of 1986 when the vehicle became inoperable. Further, although the record contains a vehicle service contract which provided coverage for two years or 24,000 miles, this agreement was not provided by Benson and there is no evidence that plaintiff submitted a claim based on this agreement. Further, the federal statute relied upon by plaintiff regarding Benson's failure to honor the warranty requires that there be a defect in the vehicle. See, 15 U.S.C. § 2304. In this case, there was no proof presented of such a defect.
In addition, the Louisiana Unfair Trade Practice and Consumer Protection Law, La. R.S. 51:1401, et seq., relied on by plaintiff requires that plaintiff prove defendant used an unfair or deceptive method, act, or practice declared unlawful by the statute. We find no evidence of fraud, deceit or misrepresentation on the part of defendant, and the trial court did not err in dismissing plaintiffs action brought pursuant to this statute.

Motion for New Trial
Plaintiff contends that the trial court erred in failing to grant her a new trial. La. C.C.P. art. 1973 provides that a new trial may be granted in any case if there is good ground therefor. The applicable standard of review in ruling on a motion for new trial is whether the trial court abused its discretion. Martin v. Heritage Manor South, 00-1023 (La.4/3/01), 784 So.2d 627, 630.
In denying plaintiff's motion for new trial, the trial court noted that the argument which was set forth at the motion was identical to the arguments made during the course of the trial, and that nothing new was presented to convince the court that its ruling was in error. We have carefully reviewed the entire record including the transcript of plaintiff's motion, and we fail to find the trial court abused its discretion in failing to grant a new trial.

Assessment of Costs
As a final assignment of error, plaintiff contends that the trial court erred when it granted defendant's motion to tax costs against her. La. C.C.P. art. 1920 provides that unless the judgment provides otherwise, costs shall be paid by the party cast and may be taxed by a rule to show cause. The trial judge has great discretion in awarding these costs. Boutte v. Nissan Motor Corp., 94-1470 (La.App. 3 Cir. 9/13/95), 663 So.2d 154, 162.
The record of the hearing on defendant's rule fails to show that plaintiff asserted any reason why costs should not be assessed against her as the party cast in judgment. We fail to find that the trial court abused its discretion in assessing the costs of the instant proceedings against plaintiff in this case.

Conclusion
Accordingly, for the reasons assigned herein, the judgment of the trial court is affirmed. Dianne Green shall bear all costs of this appeal.
AFFIRMED.
DALEY, J., dissents with reasons.
DALEY, J., dissenting with reasons:
I respectfully dissent from the majority opinion. I find that the testimony of Danny Giardina, a representative of the defendant, Benson, who testified that the transmission on the plaintiffs vehicle failed in *977 1986, coupled with the FTC Order requiring General Motors to have all of its dealerships post a notice and advise customers of problems with the transmission, which was installed in the vehicle in question, presented sufficient evidence to meet plaintiff's burden of proof and warranted against an involuntary dismissal.
I agree with the appellant's position that the FTC Order established that problems with Ms. Green's transmission were more probable than not caused by a defect in the transmission. The defect was known to General Motors and its duly authorized dealers, including Benson, prior to the sale of this vehicle on June 4, 1985, creating a duty to reveal this known defect to customers. Benson failed to notify Dianne Green of the defect in the transmission. A buyer has an action in redhibition if the seller knows the thing sold has a defect but fails to declare this to the buyer. C.C. art. 2545; Morrison v. Allstar Dodge, Inc., XXXX-XXXX (La.App. 1 Cir. 5/11/01), 792 So.2d 9. Having found sufficient evidence that the transmission failed and was defective, I would rescind the sale and award damages for all costs incurred by plaintiff pursuant to the sale, as well as attorney fees, costs of court, and interest from date of judicial demand.