J^CLARENCE E. McMANUS, Judge.
At issue in this appeal is whether the trial court properly granted defendant’s motion for involuntary dismissal. For the following reasons, we vacate this matter and remand it to the trial court for a new trial.

FACTS AND PROCEDURAL HISTORY

On November 3,1998, plaintiff/appellant, Smoke One Records Corporation, filed a petition for damages against defendant/ap-pellee, Boutit, Inc., d/b/a No Limit Records, alleging breach of contract. In August 1996, the parties entered into a label distribution contract. Pursuant to the contract, defendant was to distribute records produced by plaintiff from August 17, 1995 through August 17, 1996; provide plaintiff with an accounting of orders and sales of recordings; after subtracting its investment, pay plaintiff every 90 days and include an explanation of payment; and split profits on a 50-50 basis.
In October 1995, plaintiff released the album “Ghetto Stories” which defendant then distributed. In 1996, defendant paid plaintiff $17,000.00 in royalties which plaintiff contends was a partial payment. Plaintiff maintained in its petition for damages that defendant had not made any further payments or given it an accounting for the partial payment nor provided it with an accounting relative to |3the total sales of Ghetto Stories which it estimated to be 43,000 units. Plaintiff assumed that at $15.00 per unit, gross sales for Ghetto Stories would have been $645,000.00. Plaintiff noted that defendant spent $79,407.16 in production costs for Ghetto Stories. Thus, defendant still owed an accounting for approximately $548,000.00 under the contract. Defendant contended that after the distribution contract was signed both parties agreed that Priority *271 Records, L.L.C. would act as the national distributor and that all three parties would split profits after expenses were paid.
A bench trial was held on May 15, 2000. At trial, plaintiff presented a sales summary which showed gross sales of $479,088.78 from August 17, 1995 through December 31, 1998; net sales after returns and adjustments of $363,295.36, distribution fees of $87,190.89 and production costs of $79,488.67 with a figure of $192,708.45 purporting to represent total net sales. Although defendant produced this document through discovery to plaintiff as evidenced by correspondence, it objected to its admission as prepared by a third party and not properly authenticated. The trial judge denied defendant’s objection.
At the close of plaintiffs case, defendant moved for involuntary dismissal. The trial judge granted the motion and dismissed the case, stating:
The Court finds that the burden of proof in this matter for damages rests with the plaintiff. The plaintiff has relied upon defendant’s answer to the request for production of documents which has been introduced as P-2 which was a compilation of sales summaries for Ghetto Stories for the period August 17th 1995 through December 31st 1998 which was accompanied by a letter from defendant’s attorney, Mr. Roy Maughan, Jr., which enclosed that information through December 31st of 1998. [Plaintiff] has called no witnesses to support gross sales figures, expenses, returns, adjustments, net sales or any of the figures which appear in this compilation which has been marked P-2 and introduced into the record. The Court feels the plaintiff has failed to meet them burden of proof as to the damages in this matter and grants defendant’s motion to dismiss.
| /Thereafter, plaintiff filed a motion for new trial asserting the verdict was contrary to the law and evidence. After taking the matter under advisement, the trial judge denied the motion on December 13, 2000. Plaintiff now brings this appeal. Defendant answered the appeal stating that although the trial court improperly admitted the sales summary and certain correspondence its ruling granting the involuntary dismissal was not erroneous.[1]

DISCUSSION

In its lone assignment of error, plaintiff argues that it presented a prima facie case of breach of contract such that defendant’s motion for involuntary dismissal should have been denied. La.Code Civ. P. art. 1672(B) provides:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
Under La.Code Civ. P. art. 1672, the trial judge may grant a motion for involuntary dismissal when the plaintiff has failed to show a right to relief. Delapaz v. Monem, 01-1234 (La.App. 5 Cir. 2/26/02), 811 So.2d 1062, writ denied, 02-0913 (La.5/31/02), 817 So.2d 100. The applicable standard is whether plaintiff has *272 presented sufficient evidence to establish his case by a preponderance of the evidence. Id. A judgment granting a motion for involuntary dismissal should not be reversed in the absence of manifest error. Id.
In its petition for damages plaintiff alleged it entered into a distribution contract with defendant wherein it was entitled to a 50/50 share of profits after the ^payment of fees and cost associated with the production and distribution of the album Ghetto Stories. The parties do not dispute the existence of this contract.
At trial, plaintiff relied on the sales summary it received from defendant through discovery. However, neither of plaintiffs two witnesses was able to verify the information contained in the sales summary, and the document bore no indication that it was prepared by anyone associated with defendant. The document was allowed into evidence over defendant’s objection. The document showed that net sales for Ghetto Stories were $192,708.45. From that figure, plaintiff surmised that its share of the profits was $96,364.23. After subtracting the $17,000.00 already paid it, plaintiff stated that it is still owed $79,364.23. We find that plaintiff proved: 1) that defendant was obligated (via the distribution contract) to provide an accounting tracking the sales of Ghetto Stories and to split profits after payment of costs associated with production and distribution and 2) defendant made one payment to plaintiff during the term of the contract.
The trial court granted defendant’s motion for involuntary dismissal because he opined that plaintiff failed to prove his damages by a preponderance of the evidence. The trial court’s decision seemed to turn on the fact that plaintiff did not call any witnesses who were able to substantiate the information in the sales summary introduced into evidence as P-2. As noted above, defendant objected to the admissibility of this writing as not properly authenticated. The trial judge overruled the objection stating that his ruling was based on La. C.E. art. 1007 and the jurisprudence he reviewed including, Newpark Resources, Inc. v. Marsh & McLennan of Louisiana, Inc., 96-0935 (La.App. 1 Cir. 2/14/97), 691 So.2d 208, writ denied, 1997-0691 (La.4/25/97), 692 So.2d 1094. The trial judge then noted that he would allow its introduction into evidence then “attach whatever weight accordingly should be attached to it.”
IfiLa. C.E. art. 901 provides in pertinent part that:
The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this Article:
(1) Testimony of witness with knowledge. Testimony that a matter is what it is claimed to be.
Under article 901 and our reading of Newpark Resources, Inc., we believe the trial judge improperly admitted the sales summary which was produced in response to plaintiffs request for production of documents. The sales summary is not on any particular letter head and does not indicate by whom or under whose authority it was prepared. Plaintiff called the general manager of defendant company, Bout It Inc., to testify in this case. However, he had no knowledge of the veracity of the sales summary’s content or any information regarding sales of Ghetto Stories as he was not employed by defendant at the *273 time this contract was executed. Having admitted the document, the trial judge essentially gave plaintiff the green light to present its case in reliance on the information in the sales summary. Once admitted the sales summary essentially demonstrated plaintiffs right to relief in this case. Thus, granting defendant’s motion for involuntary dismissal was erroneous under La.Code Civ. P. art. 1672(B).
Based on the record before us, the trial court was manifestly erroneous in granting defendant’s motion for involuntary dismissal. Accordingly, that judgment is vacated and remand this matter to the trial court for a new trial.

VACATED AND REMANDED.

. Plaintiff filed a motion to strike the portion of defendant's brief objecting to the admission of evidence at trial. After reviewing the memorandum, opposition and defendant's brief, we deny that motion.