STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-610

LESLIE LEDAY

VERSUS

SAFEWAY INS. CO. OF LA., ET AL.

**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 65003-A
HONORABLE JOHN LARRY VIDRINE, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, C.J., Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

REVERSED AND RENDERED.

Donald Lynn Mayeux
P. O. Drawer 1460
Eunice, LA 70535
Telephone:  (337) 457-9610
COUNSEL FOR:
        Plaintiff/Appellee - Leslie Leday

Melissa Faye Doise
Borne & Wilkes, L.L.P.
200 West Congress Street - Suite 1000
Lafayette, LA 70502-4305
Telephone:  (337) 232-1604
COUNSEL FOR:
        Defendant/Appellant - Safeway Insurance Company of Louisiana

THIBODEAUX, Chief Judge.

In this personal injury case involving an underinsured motorist claim, appellant, Safeway Insurance Company (Safeway), asserts that the trial court should have granted its Motion for Involuntary Dismissal following the close of plaintiff's case. Safeway argues that plaintiff, Leslie Leday, did not carry her burden of proving that the underlying insurance company had paid her to the fullest extent of its policy limits, thereby requiring Safeway to pay the balance of her damages under the Uninsured/Underinsured Motorist (UM) provision in her policy with Safeway. We reverse the trial court's decision not to dismiss the claim.

I.

**ISSUES**

Safeway's appeal sets forth three issues for our review. First, Safeway argues that the trial court erred in denying its Motion for Involuntary Dismissal based on its assertion that Leslie Leday failed to prove adequately the tortfeasor's uninsured or underinsured status. Second, Safeway asserts that the trial court abused its discretion in awarding Leday $10,000.00 in general damages, maintaining that her injuries did not warrant this additional award. Third, Safeway requests credit for the $1,000.00 payment it made to Leday for medical expenses.

Additionally, Safeway filed a Motion to Strike certain documents appended by Leday to her appellate brief.

II.

**FACTS**

Leday was in a car accident on December 17, 2001. Ricky Savant, driving a car that belonged to Wayne Meyer and insured by Imperial Fire and

1

Casualty Insurance Company (Imperial), struck Leday's car, injuring her. She settled with Imperial and released the car's owner and driver. Leday then sued her insurance provider, Safeway, for excess damages. Leday argued that Imperial, the car owner's liability insurer, had paid its full policy limits to her; thus, she was entitled to further damages under the UM portion of her policy with Safeway because her damages exceeded the amount paid under Imperial's policy limits. Safeway paid Leday $1,000.00 under the medical payments clause of her policy, but denied that it was obligated to pay anything more than what Leday had already received through Imperial.

In the meantime, Leday had visited a doctor nine times between December 21, 2001 and September 16, 2002, incurring medical expenses in the amount of $2,776.76. Her doctor diagnosed various injuries and prescribed several medications and therapeutic treatments, including physical therapy. She was fitted with and continues to wear a wrist brace. Although her original doctor placed a cast on her right wrist to treat a compression fracture, her orthopedist did not believe she had suffered an actual fracture of her wrist. Regardless of the difference of opinion between the two doctors regarding the existence of a fracture, Safeway conceded in court that the treatment would have been identical for both injuries. Leday testified at trial that she still suffers pain, frequent headaches, and difficulties with her right shoulder and wrist, and that her impaired mobility restricts her ability to perform everyday tasks, including caring for her young daughter, driving, and cleaning. Leday is employed as a bus driver, and she testified that the injury made it difficult for her to perform her job.

At trial, Safeway argued that Leday had proved neither the tortfeasor's uninsured or underinsured status. She offered no evidence that the Imperial policy

2

held by the car's owner was capped at $10,000.00, and no evidence that there was no other source of insurance available to pay her claim, either through additional insurance held by the car owner, or insurance held by the tortfeasor. Safeway moved for an involuntary dismissal of Leday's claim based on inadequate evidence of UM status. The trial judge, however, awarded Leday $10,000.00, in effect denying Safeway's motion for involuntary dismissal. Safeway now appeals, arguing that the trial judge should have granted its motion.

III.

## LAW AND DISCUSSION

### *Proof of Uninsured or Underinsured Status of the Tortfeasor*

The trial court's judgment did not address Safeway's Motion for Involuntary Dismissal, but simply awarded damages to Leday. The failure to address an issue in a judgment is deemed to be a denial of that issue. *Gremillion v. Rapides Parish Policy Jury*, 430 So.2d 1362 (La.App. 3 Cir. 1983); *Anthony's Auto Sales, Inc. v. Shephard*, 600 So.2d 125 (La.App. 2 Cir. 1992). Thus, the trial court's refusal to address Safeway's motion is deemed to be a denial of that motion. The denial in this case was reversible error. We grant Safeway's Motion for Involuntary Dismissal, and hold that Leday did not fulfill her evidentiary burden of showing underinsured status.

Safeway argues that the trial court erred in denying the motion for involuntary dismissal brought at trial. Safeway's position is that Leday failed to prove the tortfeasor's UM status, and thereby failed to fulfill her burden of proof under La.R.S. 22:680.

Under La.Code Civ.P. art. 1672, which governs involuntary dismissal, the standard for granting such a dismissal is whether the plaintiff has presented sufficient evidence to establish her claim by a preponderance of the evidence. *Vig v.*

3

*City of Shreveport*, 28,530 (La.App. 2 Cir. 8/21/96), 679 So.2d 524, *writ denied*, 96-2285 (La. 11/15/96), 682 So.2d 775. Proof by a preponderance of the evidence means that "all evidence, direct and circumstantial, taken as a whole must show that the causation or fact sought to be proved is more probable than not." *Rosen v. State*, 01-499, p. 14-15 (La.App. 4 Cir. 1/30/02), 809 So.2d 498, 509, *writ denied*, 02-605 (La. 5/10/02), 815 So.2d 842; *Thompson Packers, Inc. v. Downey*, 01-2550 (La.App. 1 Cir. 11/8/02), 835 So.2d 774. The trial court's decision on the motion should not be disturbed on appeal absent manifest error or unless clearly wrong. *Taylor v. Tommie's Gaming*, 38,568 (La.App. 2 Cir. 6/25/04), 878 So.2d 853; *Smoke One Records Corp. v. Boutit, Inc.*, 03-637 (La.App. 5 Cir. 10/28/03), 860 So.2d 269; *Delapaz v. Monem*, 01-1234 (La.App. 5 Cir. 2/26/02), 811 So.2d 1062, *writ denied*, 02-913 (La. 5/31/02), 817 So.2d 100. Thus, on appeal, we must assess not whether the trial court's decision is right or wrong, but whether it is "reasonable in light of the record reviewed in its entirety." *Davies v. Johnson Controls, Inc.*, 36,498, p. 7 (La.App. 2 Cir. 10/23/02), 830 So.2d 462, 466, *writ denied*, 02-2855 (La. 1/31/03), 836 So.2d 70; *Green v. Benson & Gold Chevrolet*, 01-1161 (La.App. 5 Cir. 2/26/02), 811 So.2d 970, *writ denied*, 02-891 (La. 5/31/02), 817 So.2d 96.

Louisiana Revised Statutes 22:680(6) provides different means of showing the uninsured or underinsured status of a motorist. The statute does not suggest, however, that the methods provided are the exclusive means of showing that the motorist lacked insurance or sufficient insurance. Louisiana Revised Statutes 22:680(6)(d) provides that the specified methods for showing UM status constitute prima facie evidence and shifts the burden from the party attempting to show UM status to their UM insurance carrier. Thus, alternate methods exist for showing UM status, though they may not necessarily constitute prima facie evidence, nor may they

4

automatically shift the burden of proof. *Malloy v. Vanwinkle*, 94-2060 (La.App. 4 Cir. 9/28/95), 662 So.2d 96; *Bullock v. Commercial Union Insurance Co.*, 397 So.2d 13 (La.App. 3 Cir. 1981); *Adams v. Allstate Insurance Co.*, 01-1244 (La.App. 5 Cir. 2/26/02), 809 So.2d 1169.

Plaintiff relies on an assertion made by counsel for Safeway as being tantamount to a judicial confession that no other insurance existed on the vehicle. Counsel for Safeway said at trial: "We wrote to the DMV in Baton Rouge and said, hey, was there any other insurance on this vehicle? We got an Affidavit from the State back saying they had no record of any other insurance, so at this point we know there was no other insurance on the vehicle." Plaintiff would interpret this as an express acknowledgment of the issue for which Safeway had insisted on evidence: the nonexistence of other insurance on the vehicle, establishing UM status and triggering Safeway's obligation to Leday.

A judicial confession under La.Civ.Code art. 1853 constitutes incontrovertible evidence of a particular issue and serves to waive the necessity of any further proof on that issue. *Ramelow v. Bd. of Trustees of the University of Louisiana System*, 03-1131 (La.App. 3 Cir. 3/31/04), 870 So.2d 415, *writ denied*, 04-1042 (La. 6/18/04); *C.T. Traina, Inc. v. Sunshine Plaza, Inc.*, 03-1003 (La. 12/3/03), 861 So.2d 156. In order for a party's statement to constitute a judicial confession, it must be an express acknowledgment of an adverse fact. *Jones v. Gillen*, 564 So.2d 1274 (La.App. 5 Cir. 1990); *Sanders v. Earnest*, 34,656 (La.App. 2 Cir. 7/24/01), 793 So.2d 393; *State v. Lamb*, 31,919 (La.App. 2 Cir. 5/7/99), 732 So.2d 1270. Additionally, "the adverse party must have believed the fact was no longer at issue or must have relied on it, to his detriment." *Lamb*, 732 So.2d at 1272; *Alexis v. Metropolitan Life Insurance Co.*, 604 So.2d 581 (La. 1992); *Jefferson Parish v.*

5

*Fidelity & Deposit Co.*, 95-951 (La.App. 5 Cir. 4/30/96), 673 So.2d 1238; *Jones*, 564 So.2d 1274. For example, in *Jefferson Parish v. Fidelity & Deposit Co.*, the court noted that "[n]o party proved that they relied to their detriment on the position . . . stated in [the] original pleadings." In that case, the defendant insurance company F & D stated in its original pleading that "F & D does not admit that the above-described conduct . . . triggers F & D's liability to indemnify under the policy. . . . F & D does not contest the coverage issue." *Id.* at 1243. The plaintiff argued that these statements constituted a judicial confession of coverage. The appellate court, however, concluded that the pleading did not contain a confession of liability. The court reasoned that there was no proof of reliance. Despite the language of the pleading, the parties had ample notice that coverage would be a contested matter at trial, and so could not have relied on these statements to waive the issue of coverage as an evidentiary matter.

Finally, courts have taken into account a party's otherwise consistent opposition to the fact alleged to have been confessed. In opening arguments in *Krepps v. Hindelang*, 97-1034 (La.App. 5 Cir. 4/15/98), 713 So.2d 519, counsel for the defendant stated "you're going to determine Ms. Krepps had a three-month soft-tissue injury." *Id.* at 524. The court disagreed with plaintiff's assertion that this statement was a judicial confession that the plaintiff had suffered an injury from the accident because "[i]n pleadings and throughout trial, defendants opposed the assertion by plaintiff that she was injured as a result of the accident." *Id.* at 524-25. Similarly, in *Sanders v. Earnest*, 793 So.2d 393, plaintiff argued that defendants' statements that certain landscaping activities increased the amount of water seepage on some property, and that this condition was readily apparent on inspection, constituted a judicial confession of their knowledge of this condition before the sale

of the property to plaintiffs. The court disagreed, observing that "[t]he location and amount of leaks and seepage were vigorously disputed facts." *Id.* at 407. Thus, the presence of consistent opposition to the allegedly confessed fact weighs against finding a confession.

Although Safeway expressly conceded at trial that there was no other insurance on the vehicle, the statement nevertheless fails to meet the other requirements that would make it a judicial confession. Plaintiff attempts to demonstrate that she relied on that statement as showing that the issue of UM status had been settled. We find, however, that plaintiff could not have reasonably relied on these statements to show that the issue of nonexistence of alternate sources of insurance had been sufficiently resolved so that no other evidence was required on that matter. Just as in *Jefferson Parish v. Fidelity & Deposit Co.*, Leday had abundant notice that Safeway vigorously contested this issue, from the earliest stages of the proceedings to the very last moment of the trial. In Safeway's Answer to Leday's Petition for Damages, Safeway specifically denies Leday's assertion that Imperial's payment of $10,000.00 represents its full policy limits. Safeway's Pre-Trial Memorandum and Supplemental Pre-Trial Memorandum both assert that "there has been no proof of the underlying limits of the Imperial policy." Finally, at trial, while counsel for Safeway agreed to stipulate that Imperial made a payment of $10,000.00 to Leday, she specifically refused to stipulate that there was only $10,000.00 in coverage available through the Imperial policy. Safeway consistently and vigorously opposed the existence of UM status. Because of Safeway's clear and consistent opposition, Leday was not entitled to rely on Safeway's statement at trial. No matter how express, plaintiff could not conclude from that statement that the question of UM

7

status was settled to such an extent that plaintiff was relieved of providing any further evidence on that topic.

Leday also relies on the trial court's casual comment that he was not aware of Imperial writing anything other than a $10,000.00 policy. This statement cannot constitute evidence sufficient to satisfy her burden of proof under La.R.S. 22:680. This is not a matter of which a trial court may take judicial notice. Louisiana Code of Evidence Article 201(B)(1) and (2) permits a court to take notice of facts that are "not subject to reasonable dispute" because they are either "[g]enerally known within the territorial jurisdiction of the trial court," or "[c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The matter of Imperial's general policy limits is too particularized to be amenable to judicial notice. It is not "common knowledge of every person of ordinary understanding," nor is it "not subject to reasonable dispute." *Walker v. Halliburton Services, Inc.*, 93-722, p. 3 (La.App. 3 Cir. 3/1/95), 654 So.2d 365, 368. Additionally, the Third Circuit has noted that "resolution of disputed issues of material fact by judicial notice is improper." *Williams v. Alfred*, 99-743, p. 5 (La.App. 3 Cir. 11/3/99), 748 So.2d 42, 45 (citation omitted). The matter of policy limits and UM status represents the crux of the conflict between the parties, and cannot be settled by judicial notice.

Thus, the trial court's denial of the Motion for Involuntary Dismissal was manifestly erroneous. There was no evidence introduced at trial to support plaintiff's assertions that Imperial's policy limit was $10,000.00. Plaintiff could rely on neither Safeway's statement regarding the nonexistence of other insurance, nor the judge's comment regarding Imperial's practice regarding its policy limits to substitute for actual evidence of UM status.

8

### *General Damages Award and Credit for Medical Payments*

Safeway also objects to the trial court's award of $10,000.00 to Leday in damages as excessive, and asserts that the trial court should have given a credit for the $1,000.00 payment made to Leday under the Medical Payments portion of her contract. Our conclusion that the trial court was manifestly erroneous in failing to grant the Motion for Involuntary Dismissal renders moot our consideration of these other issues.

### *Motion to Strike*

Leday attached certain documents, including affidavits and a declaration page from an Imperial insurance policy, to her appellate brief. Safeway, in turn, filed a Motion to Strike the attachments. The items Leday attached to her brief are not part of the trial court record. We cannot consider on appeal any evidence which is not part of the record. *City of Eunice v. CLM Equip. Co.*, 505 So.2d 976 (La.App. 3 Cir. 1987). We, therefore, grant Safeway's Motion to Strike and do not consider these documents in our review.

IV.

## CONCLUSION

For the above reasons, the judgment of the trial court is reversed. All costs are assessed against plaintiff-appellee, Leslie Leday.

**REVERSED AND RENDERED.**