|¡TOBIAS, Judge.
Plaintiff, Vernon Cooper (“Cooper”), de-volutively appeals the lower court’s granting of an exception of no cause of action. The plaintiff alleges the collective and individual failure of several entities to meet various legal duties to him resulting in the loss of his leg when he was hit by a train.

STATEMENT OF FACTS:

Plaintiffs petition, including amendments which pre-dated the hearing on the exception, sets forth the following facts which, for purposes of this appeal, we assume to be true:
On 23 May 1998 at approximately 12:15 a.m., Cooper attempted to walk across railroad tracks near the intersection of St. Ann Street and the Mississippi River. While doing so, he was struck by a train resulting in the loss of his leg as well as other injuries. Cooper alleges strict liability, negligence and res ipsa loquitur as to each of the named defendants, including Park One Inc. (“Park One”), the appel-lee. Cooper makes the following specific allegations as to Park One: (1) that it failed to warn the public that trains ran adjacent to its property, (2) that it |3failed to take steps to protect the public from that danger, and (3) that it failed to install *641 adequate fencing to deter the public from crossing its property in a dangerous manner. We are, however, left to make our own assumptions as to Park One’s relationship with Cooper and how its alleged failures may have led to Cooper’s injury.
The trial court maintained Park One’s peremptory exception of no cause of action and dismissed them as a defendant, with prejudice. We affirm in part and vacate in part, remanding the matter to the lower court for proceedings consistent with this opinion.

DISCUSSION:

The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition. La. C.C.P. art. 931. In doing so, pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth and to do substantial justice. La. C.C.P. art. 865; Kuebler v. Martin, 578 So.2d 113 (La.1991). It is a longstanding tenet of this state’s jurisprudence that, whenever possible, the court should uphold a plaintiffs petition as against a peremptory exception so as to afford the plaintiff an opportunity to present the evidence in court. Id. In evaluating an exception of no cause of action, the court is asked to only look as far as the face of the well-pled petition. Reis v. Fenasci & Smith, 93-1785 (La.App. 4 Cir. 4/14/94), 635 So.2d 1319. Thus, the question presented is whether the law affords any remedy to the plaintiff under the facts as alleged. Kuebler, supra.
|4In reviewing Cooper’s petition we find that he alleges enough facts to suggest a cause of action against Park One; yet the minimum specificity required of such a pleading is lacking. Thus, we find the petition to be unduly vague as to Park One’s liability. That vagueness renders the petition so lacking as to fail to state a cause of action against Park One. For that reason, we affirm the lower court’s order sustaining Park One’s exception. However, that defect in the petition lends itself to being remedied by amendment.[1]
When the grounds for a peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall so order. La. C.C.P. art. 934; Barrie v. V.P. Exterminators, Inc., 625 So.2d 1007 (La.1993). Indeed, it is mandatory that the trial judge permit an amendment of the pleadings when there is a conceivable possibility that a cause of action may yet be stated by a plaintiff. Vieux Carre Property Owners, et al v. Decatur Hotel Corporation, 99-0731 (La.App. 4 Cir. 11/10/99), 746 So.2d 806. Also see, Buxton v. Fireman’s Fund Insurance Company, 422 So.2d 647 (La.App. 3 Cir.1982).
In order to sustain a cause of action under the theories proposed by the plaintiff, the petition must adequately allege fault (including an analysis of duty and breach of duty), causation and damages. See Fontenot v. Fontenot, 635 So.2d 219 (La.1994); and, Chaplain v. American Empire Surplus Lines Ins. Co., 98-1372 (La.App. 4 Cir. 3/31/99), 731 So.2d 973, for a discussion of the elements of various causes of action under premises liability.
|sOur review of the record indicates that this plaintiff may yet state a cause of action against this defendant. We note that the plaintiff has already amended his petition twice. However, none of these amendments materially alters the allegations specifically directed to Park One.
For these reasons we vacate the lower court’s judgment to the extent that it dismisses Park One with prejudice without first giving Cooper the opportunity to amend his petition to attempt to state a cause of action against Park One.
*642 For the foregoing reasons, the judgment of the lower court is affirmed in part and vacated in part. The matter is remanded to the trial court in order to permit plaintiff to amend his petition, if he can, to state a cause of action within a reasonable time as directed by the trial court.
AFFIRMED IN PART, VACATED IN PART AND REMANDED.
MURRAY, J., CONCURS WITH REASONS.

. In oral argument to this court, plaintiff’s counsel states that subsequent discovery has disclosed contractual obligations that affect Park One’s potential liability to Cooper. We have not examined that issue and note that Park One’s counsel was excluded from the discovery that occurred after the sustaining of the exception.