MAX N. TOBIAS, JR., Judge.
hThe plaintiff, Margaret McClain, appeals from an adverse judgment dismissing her claims against the defendants, City of New Orleans and Yolanda Rodriquez (sometimes collectively referred to as “the City”), for failure to state a cause of action. For the following reasons, we affirm in part, reverse in part, amend the judgment, and remand this matter for further proceedings.
Factual Background and Procedural History
This case arises from a petition for damages filed on 11 March 2013 by Ms. McClain against the City and Ms. Rodriquez seeking past and future lost wages, front pay, and other relief. Ms. Rodriquez was named as a defendant in her capacity as the director of the City Planning Commission (“CPC”) and in her individual capacity. Ms. McClain’s petition sets forth two theories of liability: (1) disability discrimination for failure to accommodate; and (2) tortious battery.
Ms. McClain’s original petition alleges the following relative to her claim for disability discrimination pursuant to La. R.S. 23:323:
3. This action is brought under La. R.S. 23:323, Petitioner having caused the mailing of a 30-day notice - of intent to sue to which no response was received.
4. At all material times petitioner was employed by the Defendant New Orleans City Planning Department, |?City of New Orleans (the City). She was hired July 8, 2008.
*674 5. Her supervisor was Defendant, Yolanda Rodriquez.
6. Beginning in April 2009 and continuing through her last day of work in June 2012, Ms. Rodriquez ordered that the City Planning Commission work and public areas of its offices be sprayed with Lysol disinfectant spray on a regular, if not daily basis.
7. Petitioner as a result of this policy was sprayed directly several times, including but not limited to, following her return from a cruise to Mexico in April 2009 and on or about March 9, 2012.
8. Petitioner requested the Defendants provide the accommodation to her of not being sprayed directly as well as not being exposed to Lysol (spray chemical) in areas which she had [to] pass through or work in to perform her job beginning in April 2009 and several times thereafter, including but not limited to in February, 2011 and September 2011. That communication of her adverse reaction to exposure to Lysol spray was communicated to her supervisor and supported with requests from her doctors.
9. However, defendant failed to offer her a reasonable accommodation.
10. As a result of defendant’s failure to offer plaintiff a reasonable accommodation, she has been totally disabled from working since on or about June 2012.
Ms. McClain’s original petition contains the following allegations, in pertinent part, relating to her claim for battery:
11. On each occasion when Petitioner was sprayed directly by Lysol or exposed to it, the spraying was done by a city employee on the orders of Ms. Rodriquez.
12. Petitioner alleges that the spraying was done on the orders of Ms. Rodriquez in furtherance of a City purpose such that the City-is liable for the batteries.
|s13. Alternatively, if Ms. Rodriquez is found not to have acted in furtherance of a City purpose, she is made a defendant in her individual capacity.
14. Petitioner alleges that Ms. Rodriquez continued to spray the offices with Lysol even after she knew that plaintiff was suffering an adverse reaction to the Lysol such that every spraying after this knowledge constitutes a battery.
The City responded to Ms. McClain’s petition by filing peremptory exceptions of prescription and no cause of action, and the dilatory exception of vagueness. Specifically, regarding the claim for disability discrimination, the City asserted that Ms. McClain’s allegations failed to state a cause of action for failure to accommodate because her petition failed to claim any alleged disability, when the disability was reported to her employer, how the alleged disability related to her request for accommodation, or what request for accommodation was made relating to this alleged disability. With respect to Ms. McClain’s battery claim, the City averred that her petition failed to state a cause of action because it contained no allegations that either of the named defendants was responsible for committing the alleged battery of spraying Ms. McClain with the Lysol.[1] Further, the City contends that other than the conclusory statements that the persons responsible for directly spraying her with the Lysol were “city employees,” the petition failed to specifically identify these persons.
In an effort to remove the City’s objections to her original petition, Ms. McClain amended her petition supplementing it with the following pertinent allegations:
*675 7. Petitioner alleges that she was disabled in that she would be unable to breathe without medication.
[[Image here]]
|411. On each occasion when petitioner was sprayed directly with the Lysol or indirectly exposed to it, the spraying was done primarily by two city employees, Kristen Weems, and Carolyn Black-man, on the orders of Ms. Rodriquez.
The remaining allegations in Ms. McClain’s original petition remained largely unchanged except to reiterate and further delineate that her request for an accommodation included that she not be subjected to being sprayed by, or otherwise exposed to, Lysol. Additionally, the amended petition avers that the City is vicariously liable for the actions of Ms. Rodriquez because the Lysol was sprayed at her direction in furtherance of a City purpose. Alternatively, the amended petition reiterates that if it is determined that the spraying was not accomplished in furtherance of a City purpose, then Ms. Rodriquez should be held liable in her individual capacity.
The City’s exceptions came for hearing on 31 May 2013. After taking the matter under advisement, the trial court rendered judgment with reasons on 17 June 2013, sustaining the City’s exception of no cause of action and ordering Ms. McClain’s claims dismissed on the basis that her petition “failed to state a cause of action for failure to accommodate pursuant to La. R.S. 23:323 and ... for battery against any named defendant.” The trial court pretermitted ruling upon the exception of prescription and did not address the exception of vagueness. Ms. McClain then filed a motion to amend the judgment and a motion for new trial, which the trial court denied. Ms. McClain appealed de-volutively from this judgment.
DISCUSSION
At issue on appeal is whether the trial court properly determined that Ms. McClain’s original and amended petitions fail to set forth sufficient facts to state a |t;cause of action for disability discrimination and/or battery. If we determine that the trial court properly ruled, we must then decide whether the trial court should have permitted Ms. McClain the opportunity to amend her petition so as to remove the grounds for objection presented by the defendants’ exception of no cause of action. Ms. McClain contends the trial court’s failure to do so was error.
As has been often stated by the courts, a cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiffs right to judicially assert the action against the defendant. The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert an exception of no cause of action. Consequently, the court reviews the petition as amended and accepts well-pleaded allegations of fact as true. The issue at trial of the exception is whether, on the facts of the petition, the plaintiff is legally entitled to the relief sought. See, e.g., Ramey v. DeCaire, 03-1299, p. 7 (La.3/19/04), 869 So.2d 114,118.
“Louisiana has chosen a system of fact pleading.” Id. (citing La. C.C.P. art. 854 cmt. (a); Montalvo v. Sondes, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131). Therefore, a plaintiff need not plead the theory of his case in the petition. Kizer v. Lilly, 471 So.2d 716, 719 (La.1985). “However, the mere conclusions of the plaintiff unsupported by facts does not set forth a *676 cause of action.” Ramey, supra (citing Montalvo, 93-2813 at p. 6, 637 So.2d at 131).
“All well-pleaded allegations of fact are accepted as true and correct, and all doubts are resolved in favor of the sufficiency of the petition so as to afford litigants their day in court.” Foti v. Holliday, 09-0093, p. 5 (La.10/30/09), 27 So.3d 813, 817 (citations omitted). The burden of demonstrating that a petition fails to state a cause of action is upon the mover. Id. “Exceptions of no cause of action present legal questions and are reviewed under the de novo standard of review.” Phillips v. Gibbs, 10-0175, p. 3 (La.App. 4 Cir. 5/21/10), 39 So.3d 795, 797 (citations omitted). The pertinent question is whether, in the light most favorable to the plaintiff and with every doubt resolved in the plaintiffs behalf, the petition states a valid cause of action for relief. City of New Orleans v. Board of Com’rs of Orleans Levee Dist, 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253.
A. Disability Discrimination
Accepting all of the allegations in Ms. McClain’s original and amended petitions as true and applying the legal principles set forth above, we find her petition, as amended, fails to set forth sufficient well-pleaded facts to state a cause of action for disability discrimination pursuant to La. R.S. 23:323. In pertinent part, La. R.S. 23:323 provides:[2]
A. No otherwise qualified disabled person shall, on the basis of a disability, be subjected to discrimination in employment.
B. An employer ... shall not engage in any of the following practices:
(1) Fail or refuse to ... reasonably accommodate an otherwise qualified disabled person on the basis of a disability, when it is unrelated to the individual’s ability, with reasonable accommodation, to perform the duties of a particular job or position.
The definitions of the terms “disabled person” and “reasonable accommodation” are found in La. R.S. 23:322, to wit:
(2) “Disabled person” means any person who has a physical or mental impairment which substantially limits one or more of the major life activities, or has a record of such an impairment, or is regarded as having such an impairment.
[[Image here]]
(6) “Impairment” means ... any physical or physiological disorder or condition
(7) “Major life activities” means functions such as ... breathing ... and working.
(8) “Otherwise qualified disabled person” means a disabled person who, with reasonable accommodation, can perform the essential functions of the employment position that such person holds or desires. ‘
(9) “Reasonable accommodation” means an adjustment or modification to a known' physical limitation of an otherwise qualified disabled person which would not impose an undue hardship on the employer.
In Louisiana, a person is disabled only if he or she is, in fact, disabled as statutorily defined. Scott v. Stokes, 07-0887, p. 6 (La.App. 4 Cir. 1/23/08), 976 So.2d 769, 773. Thus, if a person is not found to have a “known physical limitation,” then they are not owed a “reason *677 able accommodation.” La. R.S. 23:322(9). Concomitantly, an employer is not required to make an accommodation for a physical limitation that does not exist and, likewise, an employee cannot, prove discrimination or adverse action by a failure to accommodate a non-existent physical limitation. See La. R.S. 23:323; Scott, 07-0887 at p. 6, 976 So.2d at 773. In short, “the protections afforded by statutes prohibiting disability discrimination are not intended for those who have only a slight or marginal impairment.” Id., citing Beaumont v. Exxon Corp., 02-2322, p. 10 (La.App. 4 Cir. 3/10/04), 868 So.2d 976, 982. Merely having an impairment does not make one disabled for purposes of the disability discrimination laws. Beaumont, 02-2322 at p. 10, 868 So.2d at 982.
|sIn the instant case, while Ms. McClain’s petition, as amended, asserts that she experienced an allergic reaction when exposed to being sprayed with Lysol, we find the allegations set forth in her petitions do not allege sufficient facts to establish that she actually suffered from a statutorily defined disability or a “known physical impairment,” which allegations are required to state a cause of action for disability discrimination pursuant to La. R.S. 23:323. In short, the absence of particular facts concerning her alleged allergic reaction and inability to breathe when exposed to Lysol spray, in addition to what the City knew and when they knew of her alleged condition, prevent this court from determining from the allegations whether Ms. McClain suffered from a statutorily defined disability entitling her to an accommodation rather than experiencing a marginal impairment, which was not intended to be afforded protection under La. R.S. 23:323. Consequently, we cannot find at this time that the law affords a remedy to Ms. McClain for disability discrimination. Accordingly, we find that the trial court properly sustained the City’s exception of no cause of action as to Ms. McClain’s claim for failure to accommodate.
However, La. C.C.P. art. 934 provides that “[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.” The article further provides that if the grounds of the objection cannot be removed by amendment, the action shall be dismissed. If the allegations of the petition are merely conclusory and fail to specify the acts or circumstances that establish a cause of action, then the trial court should permit the plaintiff the opportunity to amend. Badeaux v. Southwest Computer Bureau, Inc., 05-0612, p. 11 (La.3/17/06), 929 So.2d 1211, 1219. The language of La. C.C.P. art. 934 does not limit a plaintiff to a single amendment of her petition; rather, additional opportunities for amendment of a petition may be allowed in the discretion of the court. See Ramey, 03-1299 at p. 9, 869 So.2d at 119.
In the instant case, we are not prepared to find as a matter of law that the basis for the City’s objections to Ms. McClain’s original and supplemental petitions regarding her claim for disability discrimination cannot be removed by further amendment to the petition. Therefore, while we agree that the factual allegations are presently insufficient to state a cause of action against the City and/or Ms. Rodriquez for failure to accommodate, we conclude the trial court committed an abuse of discretion and legal error in failing to allow Ms. McClain to amend her petition to remove the grounds of the objection; we will allow amendment of her petition in *678 accordance with La. C.C.P. art. 934. See Ramey, 03-1299 at pp. 9, 869 So.2d at 119— 120.
B. Battery
We reach a different conclusion regarding Ms. McClain’s claim for battery.
The Louisiam Worker’s Compensation Act provides for compensation if an employee receives personal injury by accident arising out of and in the course of his employment. La. R.S. 23:1031. As a general rule, the rights and remedies granted to an employee are exclusive of all rights and remedies against his employer, any officer or principal of the employer, or any co-employee. La. R.S. 23:1032. However, an exception to this rule provides that nothing therein shall affect the liability of an employer, principal, officer, or co-employee resulting from an “intentional act.” Id.
In interpreting the statute, the Louisiana Supreme Court has held that compensation shall be an employee’s exclusive remedy against his employer for an unintentional injury covered by the act, but that nothing shall prevent an employee from recovering from his employer under general law for an intentional tort. Caudle v. Betts, 512 So.2d 389, 390 (La.1987); see also Bazley v. Tortorich, 397 So.2d 475 (La.1981).
In Louisiana, in order to constitute an intentional act, the actor must either “(1) consciously desire the physical result of the act, whatever the likelihood of that result happening from his conduct; or (2) know that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result.” Batiste v. Bayou Steel Corp., 10-1561 (La.10/1/10), 45 So.3d 167, 168 (citing Bazley, supra). To rise to the level of an intentional tort, a plaintiff must establish that the actor knew with such certainty that the injuries were substantially certain to follow, that a denial of that knowledge is not believable. “Substantially certain to follow” requires more than a reasonable probability than an injury will occur and “certain” has been defined to mean “inevitable” or “incapable of failing.” Jasmin v. HNV Cent. Riverfront Corp., 94-1497, p. 2 (La.App. 4 Cir. 8/30/94), 642 So.2d 311, 312.
At the outset, we note that the line between whether a petition states a cause of action upon which relief can be granted or whether the allegations are merely vague is a fine one and such a determination is necessarily made on a case-by-case basis. In her petition, as amended, Ms. McClain contends that the battery, an intentional tort, occurred when her co-employees, Kristen Weems and Carolyn Blackman, at the direction of their supervisor, Ms. Rodriquez, sprayed Lysol in the | n public and work areas of the office as well as upon Ms. McClain directly, causing her to experience an adverse reaction consisting of an inability to breathe. Ms. McClain also alleges that she had advised the City and Ms. Rodriquez on numerous occasions of her inability to breathe whenever exposed to the disinfectant, which she substantiated with medical documentation. According to Ms. McClain, despite the City and Ms. Rodriquez’s knowledge of her condition, they continued to expose her to the chemical spray.
Applying the above precepts and reviewing the allegations of battery set forth the petition as amended in a light most favorable to Ms. McClain, and having resolved every doubt in her behalf, we conclude that, while arguably vague, she has pleaded sufficient facts to state a cause of action *679 for the intentional tort of battery.[3] Accordingly, we find the trial court erred in dismissing Ms. McClain’s original and amended petitions for failure to state a cause of action for the intentional tort of battery against the named defendants.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is amended to allow Ms. McClain an opportunity to amend her petition to properly state a cause of action for disability discrimination against the named defendants for their failure to accommodate her. That part of the judgment dismissing Ms. McClain’s petition, as amended, for failure to state a cause of action for battery is reversed. The case [12is remanded to the trial court with instructions to permit an amendment of Ms. McClain’s petition in accordance with the views expressed herein. Ms. McClain is given thirty days from the date of the finality of this judgment to amend her petition. If Ms. McClain fails to amend her petition within the prescribed time, the trial court may dismiss her claim for disability discrimination. Further, in due course, the trial court should address the City’s exceptions of prescription and vagueness.
AFFIRMED IN PART, AS AMENDED; REVERSED IN PART; REMANDED.

. Lysol is a brand name of cleaning and disinfecting products.

. La. R.S. 23:301, et seq., comprises the Louisiana Employment Discrimination Law, which is modeled after the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101, et seq.

. An exception of no cause of action is not necessarily the proper procedural vehicle to determine the merits of a claim. Thus, whether Ms. McClain will ultimately be able to carry her burden of proving that (1) the employees who sprayed her with the Lysol knew she had an adverse reaction when exposed to the disinfectant and intended injury upon doing so, and/or (2) when Ms. Rodriquez ordered these employees to spray Lysol in the work areas of the CPC offices, she was "substantially certain” that doing so would result in injury to Ms. McClain, and (3) whether the spraying of Lysol is a compensa-ble battery that rises to the level of an intentional tort, are determinations more properly made on a motion for summary judgment (where no genuine issue of material fact exists) and not on an exception of no cause of action.