**RENALDO ROBINSON,**      \*      **NO. 2022-CA-0851**
**PRAYING FOR MONITION**

                       \*      **COURT OF APPEAL**

**VERSUS**

                       \*      **FOURTH CIRCUIT**

                       \*      **STATE OF LOUISIANA**

                       \*

                       \*
                \* \* \* \* \* \* \*

CONSOLIDATED WITH:             CONSOLIDATED WITH:

KERRIELLE T. SMITH AND CHRIS      NO. 2022-CA-0852
TAYLOR, III

VERSUS

RENALDO ROBINSON

*RDJ*   **JOHNSON, J., DISSENTS AND ASSIGNS REASONS**

      I respectfully dissent from the majority opinion and would affirm the trial court.

      While I agree with the majority that this Court has mandated that "the trial judge permit an amendment of the pleadings when there is a conceivable possibility that a cause of action may yet be stated by a plaintiff." Cooper v. Pub. Belt R.R., 00-0378, p. 4 (La. App. 4 Cir. 12/20/00), 776 So.2d 639, 641. La. C.C.P. art. 934 provides that "[w]hen the grounds of the objection pleaded by peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." If, however, "the grounds of the objection raised through the exception cannot be so removed", then "the action, claim, demand, issue, or theory shall be dismissed." As such, I find that the trial court did not err in sustaining the exception.