| | | |
|---|---|---|
| **AARON & GIANNA, PLC** | * | **NO. 2024-C-0016** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **SHAVONDA CHAMBERS,** | * | |
| **ADP, INC., AND JP MORGAN** | | **FOURTH CIRCUIT** |
| **CHASE BANK, N.A.** | * | |
| | | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-07879, DIVISION "L"
Honorable Kern A. Reese, Judge
**\* \* \* \* \* \***
**Judge Tiffany Gautier Chase**
**\* \* \* \* \* \***

(Court composed of Chief Judge Terri F. Love, Judge Tiffany Gautier Chase,
Judge Nakisha Ervin-Knott,)

William D. Aaron, Jr.
DeWayne L. Williams
Aaron & Gianna, PLC
201 St. Charles Avenue, Suite 3800
New Orleans, LA 70170

      COUNSEL FOR RELATOR

Lawrence Sorohan, II
Fisher & Phillips, LLP
201 St. Charles Avenue, Suite 3710
New Orleans, LA 70170

      COUNSEL FOR RESPONDENT

                                **WRIT GRANTED; JUDGMENT
                                REVERSED AND REMANDED
                                WITH INSTRUCTIONS
                                JANUARY 22, 2024**

Relator, Aaron & Gianna, PLC (hereinafter "A&G"), seeks review of the trial court's December 4, 2023 judgment granting an exception of no cause of action filed by Respondent, ADP, Inc. (hereinafter "ADP"). After consideration of the writ application before this Court and the applicable law, we grant the writ and reverse the judgment of the trial court finding the trial court erred in not allowing A&G the opportunity to amend its petition for damages as required by La. C.C.P. art. 934.

**Relevant Facts and Procedural History**

On August 9, 2023, A&G filed a petition for damages against its former employee Shavonda Chambers, ADP and JPMorgan Chase Bank N.A.[1] A&G alleged that while employed as its office manager, Ms. Chambers requested unauthorized non-taxable reimbursements from A&G's account which were disbursed by ADP. The petition for damages asserted the following causes of action: (1) breach of contract; (2) criminal, fraudulent, or willful acts of

---

[1] A&G contracted with ADP for the processing of its employee payroll and the payment of state and federal taxes.

1

misconduct; (3) detrimental reliance; (4) violation of the Louisiana Unfair Trade Practices Act (hereinafter "LUTPA"); and (5) conversion.

In response to the petition for damages, ADP filed an exception of no cause of action arguing that the petition for damages failed to sufficiently state a cause of action for the (1) criminal, fraudulent, or willful acts of misconduct; (2) detrimental reliance; (3) violation of LUTPA; and (4) conversion claims.[2] A&G opposed the exception. In addition to arguing the merits of the case, A&G requested leave of court to amend its petition in the event the trial court granted the exception of no cause of action. On November 17, 2023, the matter was heard by the trial court. By judgment dated December 4, 2023, the trial court granted the exception of no cause of action and dismissed the claims asserted in ADP's exception of no cause of action, without prejudice. The trial court's judgment did not allow A&G an opportunity to amend the petition for damages "until after it has performed discovery and determined the viability of its claims, and then it must file a Motion for Leave to Amend seeking this Court's approval to do so." This application for supervisory review followed.

## Discussion

A&G's writ application seeks review of the trial court's December 4, 2023 judgment granting ADP's exception of no cause of action as to four of A&G's five claims and not affording A&G an opportunity to amend its petition for damages.[3] We find the dispositive issue to be whether the trial court erred in not affording A&G an opportunity to amend its petition for damages after granting the exception

---

[2] ADP concedes in its exception of no cause of action that A&G sufficiently pleads a breach of contract claim.

[3] An exception of no cause of action is reviewed under a *de novo* standard of review. *Ross v. State Through Univ. of Louisiana Sys.*, 2022-0652, p. 3 (La.App. 4 Cir. 2/13/23), 358 So.3d 162, 165, *writ denied*, 2023-00383 (La. 5/16/23), 360 So.3d 836 (citation omitted).

2

of no cause of action. We therefore analyze this issue without considering the merits of ADP's exception of no cause of action.

"The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition." *Scheffler v. Adams & Reese, LLP*, 2006-1774, p. 4 (La. 2/22/07), 950 So.2d 641, 646. "When deciding an exception of no cause of action, a court considers only the petition for damages, amendments to the petition for damages and any documents attached to the petition for damages." *Lawrason v. St. Bernard Par. Pub. Sch. Dist.*, 2022-0319, p. 8 (La.App. 4 Cir. 11/9/22), 351 So.3d 814, 821, *writ denied*, 2023-00103 (La. 4/12/23), 359 So.3d 34, *reconsideration not considered*, 2023-00103 (La. 6/21/23), 362 So.3d 427. La. C.C.P. art. 934 provides that "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." If the grounds of the objection "cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed." *Id*. Amendment of the pleadings is mandatory "when there is a conceivable possibility that a cause of action may yet be stated by the plaintiff." *Cooper v. Pub. Belt R.R.*, 2000-0378, p. 4 (La.App. 4 Cir. 12/20/00), 776 So.2d 639, 641.

A&G asserts the trial court erred in not affording it an opportunity to amend the petition for damages regarding its claims for (1) criminal, fraudulent, or willful acts of misconduct; (2) detrimental reliance; (3) violation of LUTPA; and (4) conversion. The trial court's judgment provides that while leave to amend is being denied, A&G could seek leave to amend after it has performed discovery. We find

3

this to be in error. The opportunity to amend is mandatory and not contingent upon what is ultimately found during discovery. *See Id*. The trial court found that the petition for damages failed to provide facts sufficient to support the claims that were ultimately dismissed. "If the allegations of the petition are merely conclusory and fail to specify the acts or circumstances that establish a cause of action, then the trial court should permit the plaintiff the opportunity to amend." *McClain v. City of New Orleans*, 2013-1291, p. 8 (La.App. 4 Cir. 3/5/14), 137 So.3d 671, 677. Accordingly, we find the trial court erred in not allowing A&G an opportunity to amend its petition for damages. Therefore, the trial court's December 4, 2023 judgment granting ADP's exception of no cause of action is reversed and the matter remanded to the trial court with instructions to allow A&G the opportunity to amend its petition.

**WRIT GRANTED; JUDGMENT REVERSED AND REMANDED WITH INSTRUCTIONS**

4