SUSAN M. CHEHARDY, Judge.
|2On appeal, Samantha Ronquille-Green challenges the trial judge’s grant of Tammy Faulk Gorman’s exception of no cause of action. For the following reasons, we affirm.

Facts and Procedural History

On November 24, 2009, Michael A. Russo signed his last will and testament bequeathing “all of my interest in my home” and “all of the proceeds from the sale of my ... home ..., the remaining balances in any and all ... bank accounts, and all proceeds from the sale of my vehicles” to his “belovéd step grandson,” Kaegen Michael Faulk. In his will, Russo also stated that the aforementioned proceeds and “any *1233 other movables which I have not specifically bequeathed to any other legatees” were to be held in a trust from Kaegen Michael Faulk to be established at the time of Russo’s death. In his will, Russo appointed his niece, Samantha Ronquille-Green [hereinafter “Green”], as executrix of his succession.
Also, on November 24, 2009, Michael Russo executed a trust instrument creating the “Michael A. Russo Trust I.” Russo, as settlor, conveyed to the trustees, Green and her sister, Danielle Ronquille-Lipski, all interest in the property to be administered in accordance with the trust instrument for the principal and |,.¡primary income beneficiary,[1] Kaegen Michael Faulk, to pay for all of the costs of his education until he successfully obtains a Bachelor’s degree at an accredited college.[2] Once Kaegen Michael Faulk succeeds in obtaining his degree, the trust is terminated and he receives all property and/or proceeds remaining in the trust.
Michael Russo died on February 5, 2010.
On March 18, 2011, Samantha Ronq-uille-Green petitioned for appointment as administratrix of Russo’s succession alleging that Russo died intestate because the November 24, 2009 will executed by Russo is invalid. In an affidavit attached to her petition, Green attests that her uncle’s will is invalid because she has personal knowledge that “neither the notary public nor the two witnesses who signed the testament were present when the testator executed the will, but were outside of the room at the time of the execution by the testator.”
On May 3, 2011, Green, as administrator of Russo’s succession, filed a petition for declaratory judgment seeking to have Michael Russo’s November 24, 2009 testament declared invalid because “neither the notary public nor the two witnesses who signed the testament were present when the testator executed the will, but were outside of the room at the time of the execution by the testator.” Green attached a copy of the Trust instrument, which she signed as Trustee, to her petition.
On August 6, 2011, Tammy Faulk Gor-man [hereinafter “Gorman”], as “provisional custodian by mandate” of Kaegen Michael Faulk, filed an exception of no cause of action on the basis that Green has not alleged sufficient facts to state a claim meriting a legal remedy. After a hearing, the trial judge granted Gorman’s Rexception on September 19, 2011, issued written reasons for judgment as requested on October 4, 2011, and granted Green’s appeal on October 11, 2011.[3]

Law and Argument

On appeal, Green raises three assignments of error: first, the trial court erred in holding that the petition for declaratory judgment filed by the administratrix of the Succession of Michael A. Russo failed to state a cause of action; second, the trial court erred in holding that since the petition for declaratory judgment does not allege a vice of consent, simulation, or *1234 modification by a subsequent and valid oral agreement to an alleged authentic act, the petitioner could not introduce parol evidence; and third, the trial court erred in its judgment in failing to grant the petitioner the right to amend the petition for declaratory judgment.
A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiffs right to judicially assert the action against the defendant. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234,1288 (La.1993). The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. Id. at 1235.
No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. Jackson v. State ex rel. Dept. of Corrections, 00-2882, p. 3 (La.5/15/01), 785 So.2d 803, 806; Everything on Wheels Subaru, 616 So.2d at 1235.
lsThe issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Montalvo v. Sondes, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131. The burden of demonstrating that the petition states no cause of action is upon the mover. City of New Orleans v. Board of Com’rs of Orleans Levee Dist., 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253.
In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a de novo review because the exception raises a question of law and the lower court’s decision is based solely on the sufficiency of the petition. Fink v. Bryant, 01-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349; City of New Orleans at p. 28, 640 So.2d at 253
There is a presumption in favor of the validity of testaments in general which can be rebutted with exceptionally compelling proof of the nonobservance of formalities. Succession of Daigle, 601 So.2d 10, 12-13 (La.App. 3 Cir.1992). La. C.C. art. 1577 authorizes a notarial will to afford a “simplified means of making a testament whereby the authenticity of the act can be readily ascertained and fraudulent alteration of it will be most difficult.” Succession of Richardson, 05-0552 (La.App. 1 Cir. 3/24/06), 934 So.2d 749, 751, writ denied, 06-0896 (La.6/2/06), 929 So.2d 1265.
La. C.C. art. 1577 reads:
The notarial testament shall be prepared in writing and dated and shall be executed in the following manner. If the testator knows how to sign his name and to read and is physically able to do both, then:
(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and shall sign his name at the end of the testament and on each other separate page.
(2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: “In our presence the testator has declared or signified that this instrument is his testament and has signed it at the end and on each | pother separate page, and in the presence of the testator and each other we have hereunto subscribed our names this_day of_,_”
Thus, in order to be valid as to form, (1) the testator must declare or signify in the presence of a notary and two witnesses *1235 that the instrument is his last will and testament; (2) the testator must sign his name at the end of the testament and on each separate page; and (3) the notary and two witnesses must sign a declaration in the presence of each other and the testator attesting that the formalities of La. C.C. art. 1577(1) have been followed. Succession of Siverd, 08-2383, 08-2384 (La.App. 1 Cir. 9/11/09), 24 So.3d 228, 230.
To support her Petition for Declaratory Judgment seeking to have the will declared a nullity, Ms. Green attached an affidavit from her sister and herself stating that the witnesses were not in the room when Mr. Russo signed his will. However, Ms. Green failed to attach a copy of the will to her petition. Further, she failed to allege in her petition or provide support for her claim that either of the witnesses or the notary public would attest that they failed to observe the requisite formalities under La. C.C. art. 1577. Thus, accepting all of the allegations in Green’s petition as true and applying the legal principles set forth above, we find no error in the trial court’s ruling that her petition fails to allege facts sufficient to state a cause of action for invalidating Michael Russo’s will.
Next, Ms. Green argues that the trial court erred in holding that since the petition for declaratory judgment does not allege a vice of consent, simulation, or modification by a subsequent and valid oral agreement to an alleged authentic act, the petitioner could not introduce parol evidence. The judgment before this Court does not contain that language so that finding is not before this Court.
Finally, although it is unclear whether Ms. Green sought leave to amend her petition to state a cause of action, the trial court apparently concluded that the 17grounds raised in the exception could not be removed by amendment. The right to amend a petition is qualified by the restriction that the objection be curable. Nelson v. Williams, 97-276 (La.App. 5 Cir. 9/30/97), 707 So.2d 436, 440 n. 3. Where the amendment would be a vain and useless act, such an amendment is not required by La. C.C.P. art. 934. Drennan v. Killian, 97-1120 (La.App. 5 Cir. 4/28/98), 712 So.2d 978, 981. Based on the foregoing, the trial court’s ruling is affirmed. Costs are taxed entirely to appellant, Samantha Ronquille-Green.

AFFIRMED

GRAVOIS, J., dissents with reasons.

. If the primary income beneficiary dies intestate, the surviving Trustees shall become equal income beneficiaries.

. If the beneficiary does not attend and/or complete college, the trust pays him $1,000.00 per month until the proceeds of the trust are depleted.

. Green also moved that the trial judge designate the grant of Gorman’s exception of no cause of action as a final judgment, which the trial judge did. See, La. C.C.P. art. 1915(B)(1). We note that, under La. C.C.P. art. 934, when the grounds of the objection raised through the exception cannot be so removed, the demand shall be dismissed, which would make the judgment final even without designation as such.