ROLAND L. BELSOME, Judge.
11 This appeal arises from the trial court’s grant of an exception of no cause of action, dismissing the plaintiffs claims against the Administrators of the Tulane Educational Fund (Tulane) with prejudice. For the reasons that follow we reverse and remand.
As a student of Tulane, Stephanie Boyd resided in a dormitory on campus. Her residence was a two-room suite that was adjoined by a shared bathroom. The defendant Andrew Cébalo was also a Tulane student. Mr. Cébalo was a guest of one of Ms. Boyd’s suitemates. Mr. Cébalo accessed Ms. Boyd’s room through the adjoining bathroom door, which could only be *61 locked from inside the bathroom. According to Ms. Boyd, once inside her room, Mr. Cébalo entered her bed while she was sleeping and inappropriately touched her.
Subsequently, Ms. Boyd' filed suit against Mr. Cébalo and- Tulane. Ms. Boyd’s original petition alleged that Tulane was negligent in failing to: 1) properly secure the premises; 2) provide a safe housing environment;. and 3) comply with industry standards regarding door locks and other security measures. In response, [ aTulane filed an exception of no cause of action. Shortly thereafter, Ms. Boyd filed an opposition to the exception of no cause of action and an amended and Supplemental petition. In the amended and supplemental petition, Ms. Boyd further alleged that Tulane failed to provide a safe campus and failed to implement measures to protect students in residence halls from foreseeable criminal events. Tulane responded to the amended and supplemental petition with a second exception of no cause of action.
The trial court heard arguments from the parties on the exception of no cause of action and ruled in favor of Tulane. Ms. Boyd’s claims against Tulane were dismissed with prejudice. This appeal followed.
It is well established that an exception of no cause of action raises a question of law and the trial court’s ruling is reviewed de novo on appeal.[1] This Court’s de novo review is limited to reviewing the four corners of the petition to determine whether on its face the petition states a cause of action.[2] This Court accepts all well-pleaded facts in the petition as true for purposes of determining the issues raised by an exception of no cause of action.[3] The mover bears the burden of proving that the petition states no cause of action; and our de novo review does not take into consideration whether the party will be able to prevail on the merits.[4]
l,Jn response to Ms. Boyd’s allegations against Tulane alleging negligence, Tulane maintains that Mr. Cebalo’s actions created an intervening and superseding cause of Ms. Boyd’s injuries; thus relieving Tulane from all potential liability.[5] Tulane further contends that under the allegations of this case it owed no legal duty to Ms. Boyd.
To support its position, Tulane relies heavily on the opinion in Hall v. Board of Supervisors Southern University,[6] In Hall, a student was shot by a nonstudent in the lobby of her dormitory. The lower eourt dismissed the action finding no breach of duty. In affirming the lower court’s ruling, the opinion briefly discusses some previous criminal activity on campus and then quickly concludes that the spontaneous nature of the shooting could not have been prevented regardless of'the level of security; therefore, no breach of duty and no liability on the part of the university.[7]
*62 This case is distinguishable. First, it is unclear from the Hall opinion whether the dismissal- of the plaintiffs claims was pursuant to an exception of no cause of action. A close reading of the opinion indicates that evidence was presented, which would further indicate that the court looked beyond the four corners of the petition, in reaching its conclusion, Additionally, Ms.Boyd has claimed that the alleged tor-tious/criminal activity could:have been prevented had | ¿Tulane provided a locking mechanisfo for the bathroom door on the interior of the dorm room. A locking mechanism on a- door hardly rises to the level of “sophisticated security forces” referenced in-Hall.
Ms. Boyd cites to th’e more recent case of Williams v. State in support of the legal sufficiency of her pétition.[8] In Williams, a student at the University of Louisiana at Monroe brought a negligence action against the university after he was assaulted at gunpoint and robbed in his dormitory room. The trial court dismissed the plaintiffs petition on an exception of no cause of action. The appellate court reversed that ruling and found that “the university had a duty to implement reasonable measures to protect [the] student in his dormitory room from criminal acts when those acts were foreseeable.”.[9] Accordingly, the court found that the plaintiffs allegations stated a cause of action in negligence against the university.[10]
The Williams court looked to the Louisiana Supreme Court’s opinion in Posecai v. Wal-Mart Stores, Inc. for guidance.[11] Although the Posecai case involved a business owner rather than a university,- the principles can easily be applied to a university setting like in Williams. In Posecai the Supreme Court discussed duty and foreseeability stating:
The foreseeability and gravity of the harm are to be determined by the facts and circumstances of' the case. The most important factor to’‘be considered is | fithe existence, frequency and similarity of prior incidents-' of crime on the premises, but-the .location, nature and condition of the property should also be taken into account.[12] - "
 In the instant case, the trial court’s dismissal of Ms. Boyd’s claims against Tulane for failing to state a cause of action, was clearly wrong. As the Williams court recognized, a third-party’s criminal activity does not grant the university absolute immunity from liability. . Additionally, if the facts of a case prove the criminal activity was foreseeable, the university may have a duty to protect or warn students. Taking every allegation in the petition as true, there is a stated cause of action against Tulane in negligence. Of course these allegations must be proven for Ms. Boyd to be successful, but on the face of the petition the allegations are legally sufficient to maintain a cause. of action.
For these reasons, the trial court’s grant of the exception of no cause of action in favor of Tulane is .reversed. The matter is remanded for further proceedings.
REVERSED AND REMANDED

. Winstead v. Kenyon, 15-0470, p. 6 (La.App. 4 Cir. 12/2/15), 182 So.3d 1087, 1091.

. Id.

. Id.

. Id.

. Ms. Boyd’s original and amended petitions make further allegations against Mr. Cébalo, the alleged tortfeasor, for: (1) assault; (2) battery; (3) false imprisonment; (4) negligent infliction of emotional distress; and (5) any and all other acts of negligence and/or imprudence and/or lack of care. However, for the purposes of this opinion we focus on the allegations made against Tulane.

. 405 So.2d 1125 (La.App. 1 Cir.1981).

. Id at 1126.

. 34,691 (La.App 2 Cir. 5/9/01), 786 So.2d 927.

. Id. at 932.

.Id.

. 99-1222 (La. 11/30/99), 752 So.2d 762.

. Id. at 768.