CHAISSON, J. | ]This suit was brought in response to an executory proceeding in which Gail Marie Vance’s home was seized and sold by the sheriff. Subsequent to the sheriffs sale, Ms. Vance brought this suit against the former plaintiffs in the executory proceeding, as well as their attorneys, seeking to annul the sheriffs salé and recover damages for the wrongful foreclosure on her home. Defendants in this new suit brought various exceptions to Ms. Vance’s petition, including exceptions of no cause of action, no right of action and res judicata-, all of which were sustained by the trial court, thereby dismissing Ms. Vance’s claims against all defendants with'prejudice. It is from these judgments that Ms. Vance now appeals.[1] FACTS AND PROCEDURAL HISTORY On October 21, 2008, Chase Home Finance, LLC (“Chase”) filed suit for execu-tory process against Ms. Vance, seeking to foreclose on her home due to non-payment of the note. After the noté and mortgage were assigned to Federal National Mortgage Association (“FNMA”), FNMA was substituted as plaintiff for Chase. After various delays in the proceedings caused by two bankruptcy filings by Ms. Vance, the property was sold to FNMA at sheriffs sale on August 6, 2014. Subsequent to the sheriffs sale of her home, Ms. Vance filed, in the executory proceeding, a request for a temporary restraining order and preliminary and permanent injunctions, seeking to enjoin her anticipated eviction and challenging the validity of the sheriffs sale. Ms. Vance appealed the trial court’s denial of her requests, and this Court affirmed the trial court’s denial on appeal.[2] 12Subsequent to this Court’s opinion in Ms. Vance’s first appeal, she' brought a separate suit against the seizing creditors, FNMA and Chase,[3] and their attorneys, Graham, Arceneaux & Allen,' LLC and Fred J. Daigle (collectively “GAA”), seék-ing to annul the sheriffs sale and obtain the return of her home, and to recover damages and attorney’s fees for wrongful foreclosure proceedings. In her petition, Ms. Vance alleged various procedural defects in the foreclosure proceedings and alleged that defendants engaged in fraud and ill practices in order to obtain the foreclosure of her home. Specifically, as to Chase, Ms. Vance alleged that it failed to follow La. C.C.P. art. 2635 by attaching authentic evidence to its petition as follows: 1), Chase attached un-certified copies of the promissory note that were not labeled as original copies; 2) Chase attached a copy of the mortgage that did not contain a stamp on each page; 3) While the un-certified copy of the note was made payable to Capital . One and contained a notation transferring the note to Chase, an assignment of the mortgage from Capital One to Chase was never recorded in the public records; and 4) The note provides that written notice of default may be given and Chase permitted Ms. Vance to participate in a forbearance program, but Chase never gave her notice of default. Ms. Vance also asserts that Chase merged into JPMorgan Chase Bank, but no evidence of merger was filed in the foreclosure proceedings, resulting in Chase misrepresenting itself as plaintiff since it had ceased to exist as of the date of the merger. As to FNMA, Ms. Vance alleged that it did not attach the mortgage, any promissory note or privilege importing a confession of judgment, or evidence.of an assignment to its supplemental and amended petition which prevents FNMA from proceeding via executory process. She further alleged that FNMA engaged in | ¡fraud by (1) attaching an affidavit to the supplemental and amended petition which contained inaccurate and false information regarding her interest rate and balance owed; (2) filing an affidavit which falsely stated that she made certain post-petition payments to FNMA and to the bankruptcy trustee; (3) receiving mortgage payments from her but failing to credit her account; (4) failing to provide an affidavit of sworn statement prior to proceeding with the foreclosure sale and eviction proceedings; (5) ordering the clerk to issue a writ of possession in order to direct the sheriff to evict her from the property; and (6) using unspecified “fraud or ill practices for the issuance of .a writ of possession.” With regard to GAA, Ms. Vance alleged that the actions it took on behalf of Chase and FNMA in the executory and eviction proceedings entitle her to damages from GAA. In response to Ms.- Vance’s- suit, Chase filed peremptory exceptions of res judicata and no cause of action. FNMA, which was the substituted plaintiff for Chase in the original foreclosure proceeding, also filed exceptions' of res judicata and no cause of action. GAA, the attorneys for FNMA, and Chase .in. the original foreclosure proceeding, filed exceptions of no right of action and no cause of action. After hearings on defendants’ exceptions, the trial court sustained all of the exceptions in two separate judgments.[4] Ms. Vance now appeals those judgments, arguing that all of the exeep-tions were sustained by the trial court in error, and further that it was error for the trial court to dismiss her petition without giving her the opportunity to amend the petition to . remove the grounds for the. objections. jyDISCUSSION Exceptions of no cause of action and res judicata present legal questions, and therefore, appellate courts review decisions on these exceptions using the. de novo standard of review. McLean v. Majestic Mortuary Servs., 11-1166 (La. App. 5 Cir. 5/22/12), 96 So.3d 571, 575. FNMA’s and Chase’s Exceptions of No Cause of Action and Res Judicata The function of an exception of no cause of action is to test the legal sufficiency of a petition by. determining whether the law affords a remedy on the facts alleged in the pleadings. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La. 1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. Id. Therefore, the court reviews the petition and accepts well-pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Id. Ms. Vance argues that because FNMA was the purchaser of the property at sheriffs sale, and the property remains in FNMA’s possession, she'has a cause of action against defendants for fraudulently foreclosing on her home. She further argues that her cause of action against defendants has not prescribed.. In response, FNMA and Chase correctly point out that the trial court did not sustain the exception of no cause of action on the basis of prescription. They further assert that the objections raised in Ms. Vance’s petition to annul are procedural objections to the lack of authentic evidence and other formalities ■in the executory proceeding, which objections were waived by Ms. Vance’s failure to either file an injunction-to enjoin the sale or to file a suspensive appeal from the order directing the issuance of the writ of seizure and sale. Lastly, they argue that Ms. Vance makes only conclusory allegations regarding fraud, which' are not sufficient to maintain a 'cause 'of action based upon fraud. Ii/La. C.C.P. art 2642(A) provides that “[djefenses and procedural objections to an executory proceeding may.be asserted either through an injunction proceeding to arrest.the seizure and sale .... or a sus-pensive-appeal from the order directing the issuance of the writ of seizure and sale, or both.” Additionally, La. R.S. 13:4112 provides: No action may be instituted to set aside or annul the judicial sale of immovable property by executory process by reason of any objection to form or procedure in the executory proceeding, or by reason of the lack of authentic evidence to support the order and seizure, where the sheriff executing the foreclosure has either filed the process verbal of the sale or filed the sale for recordation in the conveyance records of the parish. The general rule, therefore, is that defenses and procedural objections to a proceeding by executory process may be asserted only (1) through an injunction to arrest the seizure and sale, or (2). by a suspensive appeal from, the order directing the issuance of a writ of seizure and sale, or both. La. C.C.P. art 2642(A); Everhome Mortg. Co. v. Lewis, 16-323 (La. App. 5 Cir. 12/7/16), 207 So.3d 646, 651; Am. Thrift & Fin. Plan Inc. v. Richardson, 07-640 (La. App. 5 Cir. 1/22/08), 977 So.2d 105, 108. Our courts, however, have recognized an exception to this general rule: which is that the jurisprudence holds that a mortgagor who has failed to enjoin the sale of property by executory process, or who did not take a suspensive appeal from the order directing the issuance of the writ of seizure and sale, may institute and maintain a direct action to annul the sale on certain limited grounds, provided that the property was adjudicated to and remains in the hands of the foreclosing creditor. Id. (citations omitted). The “certain limited grounds” upon which an action may be maintained to annul the sale are where the defects áre “fundamental” defects. Evrrhome Mortg., 207 So.3d at 651. Other appellate decisions have characterized these grounds as defects in the proceedings that are “substantive in character and strike at the foundation of the executory proceeding.” Deutsche Bank Nat’l Trust Co. ex rel. Morgan Stanley ABS Capital I, Inc. v. Carter, 10-663 (La. App. 5 Cir. 1/25/11), 59 So.3d 1282, 1286 (citing Am. Thrift & Fin. Plan Inc., 977 So.2d at 108). This interpretation comports with the-plain language of La. R.S. 13:4112, which provides an absolute prohibition against actions to set aside judicial sales by executo-ry process by reason of any objection to form or procedure in the executory proceeding, or by reason of the lack of authentic evidence, where the sheriff has filed either the sale, or the process verbal of the sale, in the conveyance records. Even in circumstances where the property was adjudicated to and remains in the hands of the foreclosing creditor, the statute provides no exception for an action to annul the sale by reason of any objection to form or procedure, or by reason of lack of authentic -evidence, past the date of recordation of the sale. In summary, it is clear that the jurisprudential exception only applies where (1) the property is adjudicated to and remains in the hands of the foreclosing creditor; and (2) the grounds for setting aside the sale are defects in the proceedings that are substantive in character and strike at the foundation of the executory proceeding. See also, First Guaranty Bank v. Baton Rouge Petroleum Center, Inc., 529 So.2d 834, 841 (La. 1988) (“objections as to the lack of authentic evidence or as to minor defects of form or procedure may not be used as grounds for an action to annul a judicial sale of immovable property by executory process”) (emphasis in original). In the case before us, we have reviewed the grounds alleged by Ms. Vance for setting aside the sale, as recited above, and find that as to some of the alleged defects, they are not valid requirements for executory proceedings. As to the other objections, they are not fundamental defects that are substantive in character and strike at the foundation of the executo-ry proceeding, but rather are objections to form or procedure, or lack of authentic evidence, all of which were waived by Ms. Vance’s failure to file an injunction to enjoin the sale or take a suspensive appeal 17from the order directing the issuance of a writ of seizure and sale. Although Ms. Vance attempts to re-characterize these alleged procedural defects as fraudulent acts of FNMA, Chase, and their attorneys, we find that such re-characterization does • not suffice to state a cause of action for fraud. Fraud is defined in La. C.C. art. 1953 as “a misrepresentation or a suppression of truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.” Although Ms. Vance characterizes the alleged procedural defects as fraudulent acts, she does not allege that her debt had somehow been extinguished prior to the foreclosure and thus was not owed. Therefore, even accepting the allegations of procedural defects as true, which we are required to do on an exception of no cause of action, those alleged errors would not.have occurred with the intention of obtaining an unjust advantage for the creditors or a loss or inconvenience to Ms. Vance over the amount that she justly owed on the note. Therefore, those alleged procedural defects are not sufficient to constitute fraud. In addition to her attempt to re-characterize alleged procedural defects as acts of fraud, Ms. Vance also makes a vague allegation that “Chase agreed to permit Ms. Vance to participate in a forbearance program.” However, La. R.S, 6:1122, part of the Louisiana Credit Agreement Statute, provides: A debtor shall not maintain an action on a credit agreement unless the agreement. is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor. (Emphasis added.) Ms. Vance makes no allegation that the alleged agreement to permit her to participate in a forbearance program, which would be an amendment to her credit agreement, was memorialized in a written agreement with her creditors. Pursuant to La. R.S. 6:1122, any oral agreement to modify her credit agreement, if one did | Sexist, -would be unenforceable. Consequently, this vague and conclusory allegation regarding an alleged forbearance agreement is not sufficient to state a cause of action sounding in fraud or otherwise. We find that Ms. Vance’s petition, accepting the well-pled allegations as true, does not state a cause of action for which she would be entitled to relief, and that FNMA’s and Chase’s exceptions of no cause of action were properly sustained. Having so found, we pretermit any discussion of FNMA’s and Chase’s exceptions of res judicata. GAA’s exceptions of no cause of action and no right of action Louisiana subscribes to the traditional view that an attorney does not owe a legal duty to his client’s adversary when acting in his client’s behalf. Penalber v. Blount, 550 So.2d 577, 581 (La. 1989). In Penalber, the Louisiana Supreme Court concluded that “an attorney can be held accountable to a non-client for intentional tortious conduct such as-the knowing violation of a prohibitory statute, but no cause of action lies in favor of a non-client under theories of malpractice and negligence because the attorney owes no duty to the adversary of his client.” Penalber, 550 So.2d at 578. A review of Ms. Vance’s petition reveals that she alleges procedural errors in the executory proceedings made by GAA as the attorneys representing FNMA and Chase. She further offers a vague and conclusory allegation that GAA participated in a “fraudulent scheme” to seize and sell her property, but alleges no specific facts against GAA that would constitute fraudulent behavior. We have already found that, accepting the allegations of procedural errors as true, those errors do not constitute fraud. Likewise, the allegations of procedural errors might, at best, be considered negligent acts of GAA, but would fall far short of manifesting any intent on the part of GAA to cause direct harm to Ms. Vance. See Montalvo v. Sondes, 93-2813 (La. 5/23/94), 637 So.2d 127, 131. Since the facts ^alleged in Ms. Vance’s petition are not sufficient to give rise to an intentional tort, or a cause of action based in fraud, we conclude that GAA’s exception of no cause of action was properly sustained. Having so found, we pretermit any discussion of GAA’s exception of no right of action. Opportunity to amend petition Lastly, Ms. Vance complains that the trial court erred when it dismissed her petition without giving her the opportunity to amend her petition to remove the grounds for the objections pursuant to La. C.C.P. art. 934. First, we note that Ms. Vance did not make a request to the trial court that she be given an opportunity to amend her petition. Additionally, the right to amend a petition is qualified by the restriction that the objections be curable. Succession of Russo, 12-32 (La. App. 5 Cir. 5/22/12), 96 So.3d 1231, 1235. Where the amendment would be a vain and useless act, such an amendment is not required by La. C.C.P. art. 934. Id. After careful review of Ms. Vance’s petition and the applicable law, we conclude that the objections raised by defendants are not. curable, by amendment of Ms. Vance’s . petition, and such amendment would -therefore be a vain and useless act. We decline Ms. Vance’s request that the trial court judgment be amended to allow her an opportunity to amend. CONCLUSION For the foregoing reasons, the judgments of the trial court under review aré' affirmed.. AFFIRMED . The two judgments which are the subject of this appeal were issued by the trial court on August 15, 2016 and May 9, 2017. . See Chase Home Finance, LLC v. Vance, 15-115 (La. App. 5 Cir. 10/14/15), 177 So.3d 136, writ denied, 15-2180 (La. 2/5/16), 186 So.3d 1166. .Appellee JPMorgan Chase Bank, NA is the successor by merger to Chase Home Finance, LLC. . Ms, Vance filed a Motion for New Trial as to the judgment on Chase’s exceptions of res ■judicata and no cause of action, which the trial court summarily denied. This Court denied Ms. Vance's writ application seeking review of the trial court’s denial of her motion for new trial. See Vance v. Federal National Mortgage Association, et al., 16-543 (La. App. 5 Cir. 9/29/16) (unpublished writ disposition).