Judge Terri F. Love
This application for supervisory review arose from divorce proceedings. The husband filed suit against his estranged wife's lawyer contending that she intentionally coerced his estranged wife into breaching an agreement to sell community property. The attorney filed an exception of no cause of action, which the trial court denied. We find that the trial court erred by denying the exception of no cause of action and remand for amendment. The writ is granted in part, denied in part, and remanded.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Respondent, Luis Musa, filed a petition for damages in which he named as defendants: Shelley Musa (Mr. Musa's estranged wife) and Bernadette Lee, (relator and Ms. Musa's divorce attorney). In the petition for damages, Mr. Musa alleged that Attorney Lee wrongfully filed a notice of lis pendens and induced Ms. Musa to breach an agreement to sell property (the "Derby Place property") that belonged to the community of acquets and gains existing between Mr. Musa and Ms. Musa. Mr. Musa alleged that, as a result of Attorney Lee's legal advice, despite having previously entered into the agreement to sell, Ms. Musa refused to execute the act of sale to transfer the Derby Place property to a third party buyer on the date of the closing.
Attorney Lee filed an exception of no cause of action, contending that the claims set forth in Mr. Musa's petition were premised on her actions as counsel for Ms. Musa. Attorney Lee asserted that Louisiana law does not recognize a cause of action against adversarial counsel under the facts alleged in his petition for damages. Mr. Musa opposed the exception, arguing that Attorney Lee's actions were malicious and, thus, a cause of action was recognized under Louisiana jurisprudence. Following a hearing, the trial court rendered judgment, denying the exception.
EXCEPTION OF NO CAUSE OF ACTION
A peremptory "exception of no cause of action raises a question of law," and a court of appeal reviews the district court's ruling de novo. Ocwen Loan Servicing, LLC v. Porter , 18-0187, p. 3 (La. App. 4 Cir. 5/23/18), 248 So.3d 491, 495. "The function of the peremptory exception is to *1193 have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923. The "'focus in an exception of no cause of action is on whether the law provides a remedy against the particular defendant.' " Hershberger v. LKM Chinese, L.L.C. , 14-1079, p. 3 (La. App. 4 Cir. 5/20/15), 172 So.3d 140, 143 (quoting Badeaux v. Southwest Computer Bureau, Inc. , 05-0612, 05-719, p. 6 (La. 3/17/06), 929 So.2d 1211, 1216-17 ; Oakville Community Action Group v. Plaquemines Parish Council , 05-1501, p. 4 (La. App. 4 Cir. 9/27/06), 942 So.2d 1152, 1155 ).
"This Court's de novo review is limited to reviewing the four corners of the petition to determine whether on its face the petition states a cause of action." Boyd v. Cebalo , 15-1085, p. 2 (La. App. 4 Cir. 3/16/16), 191 So.3d 59, 61. We accept "all well-pleaded facts in the petition as true for purposes of determining the issues raised by an exception of no cause of action." Id. "The mover bears the burden of proving that the petition states no cause of action; and our de novo review does not take into consideration whether the party will be able to prevail on the merits." Id. A plaintiff may not merely state legal or factual conclusions in the petition without setting forth facts that support the conclusions. Bibbins v. City of New Orleans , 02-1510, p. 5 (La. App. 4 Cir. 5/21/03), 848 So.2d 686, 691.
"Louisiana subscribes to the traditional, majority view that an attorney does not owe a legal duty to his client's adversary when acting in his client's behalf." Montalvo v. Sondes , 93-2813 (La. 5/23/94), 637 So.2d 127, 130. "A non-client, therefore, cannot hold his adversary's attorney personally liable for either malpractice or negligent breach of a professional obligation." Id. , 93-2813, p. 4, 637 So.2d at 130. The Supreme Court recognized in Montalvo v. Sondes that the intent of the rule disallowing a non-client's claim against his adversary's attorney for negligence or malpractice was "to prevent a chilling effect on the adversarial practice of law and to prevent a division of loyalty owed to a client." Id. The Supreme Court clarified, however, that while an attorney acting on behalf of his client may not be sued by his client's adversary for negligence or malpractice, a cause of action may exist against an attorney for his intentional tortious conduct. Id. The Supreme Court explained that:
... the mere filing of a lawsuit, even if the suit appears meritless on its face, is not enough, since the attorney may be simply the instrument through which the client invokes judicial determination. Rather, we believe it is essential for the petition to allege facts showing specific malice or an intent to harm on the part of the attorney in persuading his client to initiate and continue the suit.
Id. (internal citation omitted).
The Montalvo Court found that the "petition will not state a cause of action if it alleges only negligence or malpractice on the part of [new counsel]; rather, the facts in his petition must establish that [new counsel] intended to cause direct harm to [plaintiff] by filing the malpractice petition on [the client's] behalf." Id. , 93-2813, p. 5, 637 So.2d at 130. The Supreme Court further determined that the allegations that the malpractice suit was "frivolous" and that new counsel instigated and continued the malpractice suit in "bad faith" were mere conclusions unsupported by facts. Id. , 93-2813, p. 6, 637 So.2d at 131. The Montalvo Court stated that:
[r]educed to its essentials, [plaintiff's] petition simply alleges that [new counsel] failed to apprise themselves of the status of the appeal or the Virginia consent *1194 judgment prior to filing or continuing the malpractice suit, and making certain allegations in their petition that were no longer true in light of these proceedings. At best, these actions might be considered negligent, but they fall far short of manifesting an intent on the part of [new counsel] to cause direct harm to [plaintiff]. Since the facts alleged in the petition are not sufficient to give rise to an intentional tort, the trial court erred in failing to sustain the exception of no cause of action.
Id. , 93-2813, pp. 6-7, 637 So.2d at 131.
In the matter before us, the petition sets forth two "counts" against relator: (1) "wrongful filing of lis pendens "; and (2) "tortious interference with contract."
Lis Pendens
Mr. Musa averred in his petition that Attorney Lee improperly filed a notice of lis pendens in both St. Tammany Parish and Orleans Parish. Mr. Musa indicated the notice of lis pendens filed in St. Tammany Parish was improper because it identified property located in Orleans Parish-the Derby Place property-but not property located in St. Tammany Parish. Mr. Musa also claimed that the notice of lis pendens filed in Orleans Parish incorrectly stated Ms. Musa had rights in the Derby Place property. Mr. Musa asserted that Attorney Lee knew that Ms. Musa had entered into an agreement to divest herself of any rights to the Derby Place property. Further, Mr. Musa alleged that Attorney Lee knew or should have known that the Derby Place property was subject to a security agreement, and that, as a result, the community existing between Ms. Musa and Mr. Musa possessed no equity in the property.
In Mr. Musa's opposition to the exception, he contended that La. R.S. 9:4833 provided a cause of action for damages as a result of the filing of the improper notice of lis pendens . The statute reads, in pertinent part:
A. If a statement of claim or privilege is improperly filed or if the claim or privilege preserved by the filing of a statement of claim or privilege is extinguished, an owner or other interested person may require the person who has filed a statement of the claim or privilege to give a written request for cancellation in the manner provided by law directing the recorder of mortgages to cancel the statement of claim or privilege from his records. The request shall be delivered within ten days after a written request for it is received by the person filing the statement of claim or privilege.
B. One who, without reasonable cause, fails to deliver a written request for cancellation in proper form to cancel the claim or privilege as required by Subsection A of this Section shall be liable for damages suffered by the owner or person requesting the authorization as a consequence of the failure and for reasonable attorney fees incurred in causing the statement to be cancelled.
La. R.S. 9:4833.
Here, however, Mr. Musa did not allege that he requested that the notice of lis pendens be canceled. Further, pursuant to Montalvo , Mr. Musa was required to allege facts supporting a claim that Attorney Lee acted with malice or intent to cause him harm by filing the notice of lis pendens . The petition for damages lacks any factual allegation supporting the conclusion that the filing of the notice of lis pendens in St. Tammany Parish was done with malice or intent to cause harm to Mr. Musa.
As to the notice of lis pendens filed in Orleans Parish, Mr. Musa asserted that Attorney Lee knew that Ms. Musa had no *1195 ownership interest in the property due to the agreement to sell and that there was no equity in the property due to the security interest. Mr. Musa contended that the sales price contained in the agreement to sell would have only been sufficient to pay the amount owed to the bank.
Mr. Musa's conclusion that the agreement to sell divested Ms. Musa of her ownership interest in the property is contrary to law. "Ownership is the right that confers on a person direct, immediate, and exclusive authority over a thing. The owner of a thing may use, enjoy, and dispose of it within the limits and under the conditions established by law." La. C.C. art. 477. To transfer ownership of an immovable such as the Derby Place property, the owner and transferee would need to enter into a contract that purports to transfer ownership. La. C.C. art. 517.
In the petition for damages, Mr. Musa asserted that Ms. Musa breached the agreement to sell by failing and refusing to execute the act of sale transferring the Derby Place property to the buyer. Jurisprudence has established that "an agreement to sell is not a sale where the execution of a later final act of sale is contemplated by the parties." Delapaz v. Monem , 01-1234, p. 4 (La. App. 5 Cir. 2/26/02), 811 So.2d 1062, 1065. Accepting the claim in the petition that Ms. Musa breached the agreement to sell by failing to execute an act of sale as true, the agreement to sell was not a contract of sale purporting to transfer ownership, as the agreement to sell contemplated execution of a later final act of sale. Thus, Mr. Musa's allegation that Attorney Lee knew that Ms. Musa had no ownership interest in the property due to the agreement to sell is without merit.
Likewise, there is no factual support for the assertion that Attorney Lee knew that there was no equity in the Derby Place property or that Attorney Lee knew that the sales proceeds would only satisfy the amount owed to the bank. Even taking these allegations as true, the petition contains no other factual allegations to support the assertion that Attorney Lee's filing the notice of lis pendens on behalf of her client was done with malice or an intent to cause direct harm to Mr. Musa. In the absence of facts showing specific malice or an intent to harm on the part of Attorney Lee, Mr. Musa has not stated a cause of action upon which he may be granted relief.
Tortious Interference with a Contract
Mr. Musa alleged that Attorney Lee, through her legal advice, induced Ms. Musa to breach the agreement to sell. He asserted that Attorney Lee's actions were deliberate and malicious because Attorney Lee was aware that Ms. Musa entered into an agreement to sell the Derby Place property. Mr. Musa alleged that Attorney Lee had a duty to refrain from intentionally causing Ms. Musa to breach the agreement. Mr. Musa contended that the tort of intentional interference with a contract should be extended to the facts of this case to hold Attorney Lee liable for damages because she used her legal skill and knowledge to induce Ms. Musa to breach the agreement to sell. Mr. Musa concluded that Attorney Lee lacked reasonable justification for inducing Ms. Musa to breach the agreement to sell, as Ms. Musa was not entitled to any financial benefit from the sale.
The Supreme Court has found that a limited cause of action exists against a corporate officer for tortious interference with a contract. 9 to 5 Fashions, Inc. v. Spurney , 538 So.2d 228, 234 (La. 1989). Further, this Court held that "based on the jurisprudence, it is clear that before an action for tortious interference with a contract will be permitted, the plaintiff must *1196 identify a duty existing between it and the alleged tortfeasor, the violation of which would give rise to delictual liability." Taxicab Ins. Store, L.L.C. v. Am. Serv. Ins. Co., Inc. , 17-0004, p. 9 (La. App. 4 Cir. 7/12/17), 224 So.3d 451, 459-60.
In the petition for damages, Mr. Musa merely stated Attorney Lee's alleged duty to "refrain from intentionally causing Shelley Musa to breach the contract of sale." However, Mr. Musa has not alleged any duty owed by Attorney Lee to him. As the Montalvo Court indicated, an attorney does not generally owe a duty to his client's adversary. 93-2813, pp. 3-4, 637 So.2d at 130. Rather, an attorney may be liable for his intentional tortious conduct. Id. , 93-2813, p. 4, 637 So.2d at 130. To prevent a chilling effect on the adversarial practice of law and to prevent a division of loyalty owed to a client, the petition must allege facts showing specific malice or an intent to harm on the part of the attorney. Id.
In the present matter, the petition does not allege facts showing specific malice or an intent to harm by Attorney Lee. The petition merely states that Attorney Lee was malicious. Further, the petition concludes that Attorney Lee induced Ms. Musa to breach the agreement to sell the Derby Place property without alleging any facts in support of the conclusion. These allegations are insufficient to invoke the tort of intentional interference with a contract and cannot defeat an exception of no cause of action.
Accordingly, after our de novo review, we find that the trial court erred in overruling the exception of no cause of action. We, therefore, grant the writ in part and reverse the judgment of the trial court denying Attorney Lee's exception of no cause of action.
AMENDMENT
"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." La. C.C.P. art. 934. "Indeed, it is mandatory that the trial judge permit an amendment of the pleadings when there is a conceivable possibility that a cause of action may yet be stated by a plaintiff." Cooper v. Pub. Belt R.R. , 00-0378, p. 4 (La. App. 4 Cir. 12/20/00), 776 So.2d 639, 641. As such, and without commenting on Mr. Musa's likelihood of prevailing on his petition, the ground of the exception may be removed by alleging facts showing specific malice or an intent to harm by Attorney Lee. Therefore, we remand the matter to the trial court to permit Mr. Musa to amend his petition to state a cause of action.
DECREE
For the above-mentioned reasons, we find that the trial court erroneously overruled Attorney Lee's exception of no cause of action because Mr. Musa's petition failed to state a cause of action. However, Mr. Musa is entitled to amend his petition. Therefore, the matter is remanded for amendment. The writ is granted in part, denied in part, and remanded for further proceedings consistent with this opinion.
WRIT GRANTED IN PART; DENIED IN PART; REMANDED
BELSOME, J., DISSENTS IN PART AND CONCURS IN PART LOBRANO, J., CONCURS IN PART, DISSENTS IN PART, AND ASSIGNS REASONS
BELSOME, J., DISSENTS IN PART AND CONCURS IN PART
I would deny the writ.
LOBRANO, J., CONCURS IN PART, DISSENTS IN PART, AND ASSIGNS REASONS.
*1197 I respectfully concur in part and dissent in part. I concur in the majority's conclusion that the district court erred in overruling Attorney Lee's exception of no cause of action. I dissent, however, from the majority's decree remanding this case to the district court and permitting Mr. Musa to amend his petition. I find that amendment of the petition would be futile, and I would dismiss Mr. Musa's claims against Attorney Lee.
The majority correctly cites to La. C.C.P. art. 934 for its holding that a district court must permit a litigant to amend a petition when the grounds for sustaining the exception can be removed. Nevertheless, "if the grounds of the objection raised through the exception cannot be so removed, ... the action ... shall be dismissed." La. C.C.P. art. 934. A plaintiff's right to amend his petition, to remove the grounds for an exception of no cause of action, "is not so absolute as to be permitted when an amendment would constitute a vain and useless act." Fasullo v. Finley , 2000-2659, pp. 10-11 (La. App. 4 Cir. 2/21/01), 782 So.2d 76, 84 (citing Vieux Carre Property Owners, Residents and Associates, Inc. v. Decatur Hotel Corp. , 99-0731 (La. App. 4 Cir. 11/10/99), 746 So.2d 806 ). "For an amendment to be allowed there should be some indication that the defective petition can be amended to state a lawful cause of action." Id. In other words, "the right to amend a petition is qualified by the restriction that the objections be curable." Vance v. Fed. Nat'l Mortg. Ass'n , 2017-219, p. 9 (La. App. 5 Cir. 12/20/17), 235 So.3d 1263, 1270, writ denied , 2018-0117 (La. 3/9/18), 237 So.3d 524.
Regarding the claim of tortious interference with a contract, Mr. Musa admits that Attorney Lee is not a corporate officer, and merely urges that this Court make new law to substantiate a cause of action. C.f., 9 to 5 Fashions, Inc. v. Spurney , 538 So.2d 228, 234 (La. 1989). No new alleged facts would cure his allegations concerning this claim.
With respect to the claim of improper lis pendens , as the majority acknowledges, Mr. Musa's contention, that the agreement to sell divested Ms. Musa of her ownership interest in the Derby Place property, is contrary to law. See Delapaz v. Monem , 2001-1234, p. 4 (La. App. 5 Cir. 2/26/02), 811 So.2d 1062, 1065 ("an agreement to sell is not a sale where the execution of a later final act of sale is contemplated by the parties").
Louisiana law does not recognize a claim against an adversarial attorney except in extremely limited circumstances, none of which exist in this matter. According to the standard set forth by the Supreme Court, the facts in Mr. Musa's petition must establish that Attorney Lee intended to cause direct harm to Mr. Musa by filing the pleadings on Ms. Musa's behalf. See Montalvo v. Sondes , 93-2813 La. 5/23/94, 637 So.2d 127, 131. Mr. Musa's claims are that, in her role as opposing counsel, Attorney Lee (1) gave her client legal advice, which her client followed, and (2) filed pleadings, which were allegedly incorrect and frivolous. Mr. Musa's allegations do not state an actionable claim against opposing counsel under the law of this State. Mr. Musa's mere contentions that Attorney Lee's actions as counsel for his estranged wife were "deliberate," "intentional," and "malicious" are insufficient as a matter of law. See Montalvo , 93-2813, pp. 6-7, 637 So.2d at 131.
In opposing Attorney Lee's exception, Mr. Musa has not identified any new facts he would plead if granted leave to amend his petition. Likewise, under the circumstances *1198 of this case, I can conceive of no facts Mr. Musa could plead if given an opportunity to cure his petition. Thus, I do not find that Mr. Musa can successfully remove the grounds for this exception. Amendment of the petition would be a vain and useless act. Mr. Musa's claims against Attorney Lee should be dismissed as a matter of law without further opportunity to amend his petition for damages. See, e.g., Montalvo , 93-2813, pp. 7-8, 637 So.2d at 132 ; Vance , 2017-219, p. 9, 235 So.3d at 1270 ; Brookewood Investments Co. v. Sixty-Three Twenty-Four Chef Menteur Highway, L.L.C. , 2007-0050, pp. 1-2 (La. App. 4 Cir. 5/16/07), 958 So.2d 1200, 1201 ; Ezell v. Dyess , 2002-0878, p. 1 (La. App. 4 Cir. 10/23/02), 831 So.2d 369, 370.
For these reasons, I would not remand this matter for amendment of the petition for damages, and I dissent from the majority on this issue. Accordingly, I would grant the writ, reverse the district's judgment denying Attorney Lee's exception, and dismiss Mr. Musa's claims against Attorney Lee.