**RENALDO ROBINSON, PRAYING FOR MONITION**

\*

\*

\*

\*

\* \* \* \* \* \* \*

**NO. 2022-CA-0851**

**COURT OF APPEAL**

**FOURTH CIRCUIT**

**STATE OF LOUISIANA**

<u>**CONSOLIDATED WITH:**</u>

**KERRIELLE T. SMITH AND CHRIS TAYLOR, III**

**VERSUS**

**RENALDO ROBINSON**

<u>**CONSOLIDATED WITH:**</u>

**NO. 2022-CA-0852**

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-06016, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
\* \* \* \* \* \*
**Judge Daniel L. Dysart**
\* \* \* \* \* \*
(Court composed of Judge Daniel L. Dysart, Judge Rosemary Ledet, Judge Tiffany Gautier Chase, Judge Dale N. Atkins, Judge Rachael D. Johnson)


JOHNSON, J., DISSENTS AND ASSIGNS REASONS


Will C. Griffin
Salvador I. Bivalacqua
GALANTE & BIVALACQUA LLC
650 Poydras Street
Suite 2615
New Orleans, LA 70130

    COUNSEL FOR APPELLANT

Jonah A. Freedman
JONAH FREEDMAN LAW, LLC
700 Camp Street, Suite 316
New Orleans, LA 70130

COUNSEL FOR APPELLEE

**REVERSED AND REMANDED**
**OCTOBER 16, 2023**

*DLD*
*RML*
*TGC*
*DNA*

In this appeal involving a tax sale dispute, the appellants, Kerrielle T. Smith and Chris Taylor, III, appeal the trial court's sustaining of a peremptory exception of no cause of action in favor of the appellee, Renaldo Robinson, as well as the trial court's granting of Mr. Robinson's motion to confirm title and homologate tax sale. For the reasons that follow, we reverse the trial court's judgment and remand this matter to the trial court.

**FACTS AND PROCEDURAL HISTORY**

On April 14, 2008, Shereen Theon Smith obtained full ownership of the immovable property located at 5042 Westlake Drive in New Orleans, through the *Succession of Vanessa Ann Wilson*[1]. The judgment of possession was recorded on June 19, 2008.[2]

After being shot once in the head, Ms. Smith was pronounced dead at University Medical Center in New Orleans on April 18, 2019. Ms. Smith was survived by her two minor children, Kerrielle T. Smith and Chris Taylor, III.

---

[1] Case No. 2008-4060, Division E-07, Parish of Orleans, State of Louisiana
[2] Notarial Archives Number 2008-37642

1

Prior to Ms. Smith's death, on May 9, 2018, the City of New Orleans executed a tax sale certificate for the Westlake Drive property in favor of Renaldo Robinson for unpaid *ad valorem* taxes for 2017 and for costs and penalties for the years of 2016, 2017, and 2018. The tax sale was recorded in the Orleans Parish conveyance records on June 5, 2018.[3]

On July 15, 2021, Mr. Robinson filed a petition for monition. Attached to the petition was a copy of the tax sale. No other exhibits were attached.

On December 9, 2021, Kerrielle and Chris filed a petition to annul the tax sale. They asserted that the tax sale certificate in favor of Mr. Robinson is null because the owners of the property were never provided with either pre-sale or post-sale notice of the tax sale pursuant to La. R.S. 47:2153 and La. R.S. 47:2156 respectively.

Pursuant to La. R.S. 47:2277, Mr. Robinson filed an affidavit to support his petition for monition. However, this affidavit did not make any assertions regarding pre-tax sale or post-tax sale notice during the relative redemptive period of May 2018 to June 2021. The affidavit focused on attempts of notice after the redemptive period and related to the monition proceeding. The affidavit also references a letter, dated July 16, 2021, concerning the petition for monition sent to various addresses, with many of the letters/notices returned to sender.

On February 24, 2022, Mr. Robinson filed a motion to confirm title and homologate tax sale with incorporated memorandum in the monition proceeding.

---

[3] Instrument No. 2018-20813

Also, on February 24, 2022, Mr. Robinson filed peremptory exceptions of no cause of action and no right of action as well as a declinatory exception of *lis pendens* in the nullity action. On April 28, 2022, the trial court granted Kerrielle's and Chris's motion to consolidate the two actions. The trial court held a hearing regarding the exceptions and the motion to confirm title on July 13, 2022. On July 27, 2022, the trial court granted Mr. Robinson's exception of no cause of action and dismissed Kerrielle's and Chris's clams against him. The exception of no right of action and *lis pendens* were rendered moot. The trial court also granted Mr. Robinson's motion to confirm title.

On August 3, 2022, Kerrielle and Chris filed a motion for new trial arguing that a cause of action was stated in the petition to annul for a redemptive nullity. They also asserted that they should have been allowed an opportunity to amend the petition to annul to remove any defects and to challenge the constitutionality of interpretations of La. R.S. 47:2286. The trial court denied the motion for new trial and Kerrielle and Chris now appeal the trial court's judgment.

**DISCUSSION**

On appeal, Kerrielle and Chris raise the following assignments of error: (1) the trial court erred in sustaining the appellee's exception of no cause of action and dismissing the appellants' petition to annul tax sale; (2) the trial court erred in denying the appellants an opportunity to amend the petition to annul tax sale pursuant to La. C.C.P. art. 934; and (3) the trial court erred in granting the

3

appellee's motion to confirm title and homologate tax sale with incorporated memorandum.

"An exception of no cause of action presents a question of law." *In re Marie Placide Praying for Monition*, 22-0438, p. 4 (La. App. 4 Cir. 7/27/22), 345 So.3d 1039, 1042 (citing *Fertitta v. Regions Bank*, 20-0300, p. 7 (La. App. 4 Cir. 12/9/20), 311 So.3d 445, 451). An appellate court reviews a trial court's ruling on an exception of no cause of action *de novo*, as it raises questions of law. *Boyd v. Cebalo*, 15-1085, p. 2 (La. App. 4 Cir. 3/16/16), 191 So.3d 59, 61. "This Court's *de novo* review is limited to reviewing the four corners of the petition to determine whether on its face the petition states a cause of action." *Id.* The manifest error standard of review applies to "mixed questions of law and fact." *Harold A. Asher, CPA, LLC v. Haik*, 12-0771, p. 5 (La. App. 4 Cir. 4/10/13), 116 So.3d 720, 724 (citing *Serou v. Touro Infirmary*, 12-0089, p. 18 (La. App. 4 Cir. 1/9/13), 105 So.3d 1068, 1083).

"The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923. "A peremptory exception of no cause of action questions whether the law extends a remedy against a defendant to anyone under the factual allegations of a petition." *White v. New Orleans Ctr. for Creative Arts*, 19-0213, p. 7 (La. App. 4 Cir. 9/25/19), 281 So.3d 813, 819 (citing *Mid-S. Plumbing, LLC v. Dev. Consortium-Shelly Arms, LLC,* 12-1731, p. 4 (La. App. 10/23/13), 126 So.3d 732, 736. "In deciding an

exception of no cause of action a court can consider only the petition, any amendments to the petition, and any documents attached to the petition." *Green v. Garcia Victor*, 17-0695, p. 5 (La. App. 4 Cir. 5/16/18), 248 So.3d 449, 453 (quoting *2400 Canal, LLC v. Bd. of Sup'r. of La. State Univ. Agr. & Mech. Coll.*, 12-0220, p. 7 (La. App. 4 Cir. 11/7/12), 105 So.3d 819, 825). "The grant of the exception of no cause of action is proper when, assuming all well pleaded factual allegations of the petition and any annexed documents are true, the plaintiff is not entitled to the relief he seeks as a matter of law." *White*, 19-0213, pp. 7-8, 281 So.3d at 819 (quoting *2400 Canal*, 12-0220, p. 7, 105 So.3d at 825). "[A]ny doubt must be resolved in the plaintiff's favor." *Id.*

In the instant case, the appellants, in their petition to nullify the tax sale contend that the tax sale of the property to Mr. Robinson was "an absolute nullity because there was never proper pre-sale or post-sale notice" to Ms. Smith or to the appellants. "Tax sales may no longer be attacked as absolute nullities." *See Stow-Serge v. Side by Side Redevelopment, Inc.*, 20-0015, p. 5 (La. App. 4 Cir. 6/10/20), 302 So.3d 71, 76.

However, this is not fatal to the appellants' cause of action. La. C.C.P. art. 934 provides that "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." It is only when the grounds of the objection "cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue,

5

or theory shall be dismissed. *Id.* This Court has mandated that "the trial judge permit an amendment of the pleadings when there is a conceivable possibility that a cause of action may yet be stated by a plaintiff." *Cooper v. Pub. Belt R.R.*, 00-0378, p. 4 (La. App. 4 Cir. 12/20/00), 776 So.2d 639, 641.

Kerrielle's and Chris's petition to annul is based on the premise that Mr. Robinson failed to send the required notice of the tax sale. A challenge to a tax sale for lack of post-tax sale notice constitutes a redemption nullity, which is enumerated in La. R.S. 47:2286.[4] Based on the appellants' allegations, a cause of action does exist and the appellants should have been afforded an opportunity to amend their petition to annul in order to cure any potential defect. Furthermore, this matter involves a property right, a constitutionally protected right, and the courts are obligated to ensure that any action to take one's property must be free from any procedural defect. The United States Supreme Court has stated that notice calculated to apprise interested parties of the pendency of an action sufficient to allow them an opportunity to present an objection is an "elementary and fundamental requirement of due process." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 795, 103 S.Ct. 2706, 77 L.Ed.2d 180. Lack of notice is fatal to a tax sale. *See Community Associates, Inc. v. Taylor*, 19-0242 (La. App. 7/31/19), 364 So.3d 1. Based on the law and facts of this case, Kerrielle and Chris

---

[4] No tax sale shall be set aside except for a payment nullity, redemption nullity, or a nullity under R.S. 47:2162, all of which are relative nullities. The action shall be brought in the district court of the parish in which the property is located. In addition, the action may be brought as a reconventional demand or an intervention in an action to quiet title under R.S. 47:2266 or as am intervention in a monition proceeding under R.S. 47:2271 through 2280.

La. R.S. 47:2286

should have been given an opportunity to amend their petition to state a cause of action.

The trial court also erred when it granted Mr. Robinson's motion to confirm title and homologate tax sale. At the very least, it was premature because it was based on the sustaining of Mr. Robinson's exception of no cause of action. As stated above, the trial court should have given Kerrielle and Chris an opportunity to state a cause of action.

**CONCLUSION**

For the above and foregoing reasons, the trial court's judgment sustaining Mr. Robinson's exception of no cause of action is reversed. We also reverse the trial court's granting of Mr. Robinson's motion to confirm title and homologate tax sale. This matter is remanded to the trial court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**

7